PER CURIAM:
 

 The principal question raised by this appeal is whether a bankruptcy court may sanction a party to a bankruptcy proceeding for frivolous, bad faith appeals of the bankruptcy court’s own rulings. In
 
 Sierra Club v. U.S. Army Corps of Engineers,
 
 776 F.2d 383, 392 (2d Cir.1985), cert. denied, — U.S. -, 106 S.Ct. 1464, 89 L.Ed.2d 720 (1986), we held that the question whether an appeal is so frivolous as to warrant the imposition of attorneys fees should be determined by the appellate court rather than by the court that rendered the initial decision. See
 
 Roth v. Pritikin,
 
 787 F.2d 54, 58-59 (2d Cir.1986);
 
 Cheng v. GAF Corp.,
 
 713 F.2d 886, 891-92 (2d Cir.1983), vacated and remanded on other grounds, — U.S. -, 105 S.Ct. 3493, 87 L.Ed.2d 626 (1985); see also
 
 Argo Marine Systems, Inc. v. Camar Corp.,
 
 755 F.2d 1006, 1015 (2d Cir.1985). Appellants urge us to create a bankruptcy court exception to this rule, but we decline to do so.
 

 Appellants Harvey S. Barr, an attorney, and Stephen G. Glatzer are the trustee in possession and president, respectively, of the debtor corporation, Emergency Beacon Corporation (EBC), which has been in Chapter XI bankruptcy proceedings since 1976. Glatzer, who is not an attorney and appears pro se, was granted intervenor status by the bankruptcy court. Appellee Montmartco, Inc. is EBC's largest unsecured creditor. The long history of conflict between these parties, which we will not repeat here, is described in the opinions of the bankruptcy court and district court here on appeal, 27 B.R. 757 (Bankr.S.D.N.Y.1983), and 52 B.R. 979 (S.D.N.Y.1985), respectively, and in two prior opinions of this court concerning particular disputes, 666 F.2d 754 (2d Cir.1981), and 665 F.2d 36 (2d Cir.1981). The following three intensely litigated matters are relevant for our purposes:
 

 1. A certificate of indebtedness in Montmartco’s favor, authorized by the bankruptcy judge and later invalidated by him on the ground that he had never intended to issue it. Both the district court and this court affirmed the bankruptcy judge’s ruling invalidating the order retroactively. See 666 F.2d 754, supra.
 

 2. A lien held by. Montmartco on two automobiles in Glatzer’s possession. Glatzer’s challenge to the validity of the
 
 *287
 
 lien was rejected by both the bankruptcy court and the district court, but upheld on appeal to this court. 665 F.2d 36, supra.
 

 3. A motion by Montmartco to dismiss EBC’s reinstated Chapter XI petition. The bankruptcy court ruled that the motion was frivolous and fined Mont-martco $500. The district court affirmed the levy of the fine. See 27 B.R. at 760-61, supra.
 

 In 1982, Glatzer and Barr moved in the bankruptcy court for attorneys fees and costs against Montmartco, citing a pattern of bad faith and vexatious litigation including its conduct in the above disputes. Although not an attorney, Glatzer sought “attorneys fees” on the theory that he had provided substantial valuable assistance to Barr in protecting the assets of the estate from Montmartco, and that he had foregone income-producing activity in order to do so.
 

 The bankruptcy judge granted Barr’s motion in part and denied it in part and denied Glatzer’s motion entirely. He refused to sanction Montmartco for its conduct in originally obtaining the certificate of indebtedness, or for its role in the automobile litigation with Glatzer. The bankruptcy judge did, however, sanction Mont-martco for seeking to dismiss the Chapter XI petition, for appealing his denial of that motion, and for appealing his rescission of the certificate of indebtedness order to the district court and then to the circuit court. He found that Montmarteo’s conduct in these latter matters had been frivolous, vexatious and in bad faith, and that the certificate of indebtedness litigation in particular had “caused an additional burden to this estate and thwarted the process of administration of this case.” 27 B.R. at 764. The resulting order imposed fees on Montmartco primarily for appeals filed in higher courts rather than for actions in the bankruptcy court. Relying on the inherent power of a bankruptcy court, “in the exercise of its equitable jurisdiction,” to compel a party to pay attorneys fees, id., the bankruptcy judge ordered Montmartco to reimburse Barr for attorneys fees incurred by the estate in defending the above actions. However, the bankruptcy judge denied all fees to Glatzer on the grounds that the estate had been well represented by Barr and that there was no precedent for granting attorneys fees to a pro se litigant absent an express statutory authorization for fees to the prevailing party. Id. at 766-69.
 

 Both Montmartco and Glatzer appealed to the district court, which affirmed most of the bankruptcy judge’s rulings, but reversed the imposition of attorneys fees on Montmartco for the certificate of indebtedness appeals on the grounds that the legal issues were not “cut and dried” and that the bankruptcy judge had not made the necessary findings of improper motives. 52 B.R. at 991. In response to Montmart-co’s challenge to the bankruptcy court’s power to impose sanctions for appeals of its own orders, the district court held that “[t]he fact that a trial judge has issued an order does not mean that he lacks the capacity to determine whether an appeal of that order is frivolous_where the appellate court does not consider the issue of sanctions and the appeal is interlocutory, the trial court is not barred from considering the issue on remand.” 52 B.R. at 989-90.
 

 Barr and Glatzer appealed to this court. They urge us to reverse those portions of the district court decision that denied them fees. These are: the district court’s af-firmance of the bankruptcy court’s refusal to sanction Montmartco for originally obtaining the certificate of indebtedness order and for the automobile litigation, the district court’s ruling that Glatzer is ineligible for attorneys fees, and the district court’s reversal of the bankruptcy judge’s fee award to Barr for the certificate of indebtedness appeals. These are the only matters that are before us, as Montmartco did not cross-appeal from the district court’s affirmance of the fee award to Barr for opposing Montmartco’s efforts before the bankruptcy and district courts to obtain a dismissal of the Chapter XI petition.
 

 
 *288
 
 We affirm the judgment of the district court. With respect to Montmartco’s role in the original submission of the certificate of indebtedness to the bankruptcy judge, the district court’s ruling denying fees was not clearly erroneous, although we might have decided this issue differently than did the bankruptcy judge. However, to the extent that the district court denied fees for Montmartco’s conduct in appealing from the bankruptcy court’s ruling on this issue, we affirm the district court on the ground that the bankruptcy court did not have the authority to award fees against Montmartco for such actions. In
 
 Cheng v. GAF,
 
 supra, 713 F.2d 886, 891-92, we stated the simple, yet fundamental, policy reason for reserving to appellate courts alone the power to impose sanctions for frivolous appeals. “A rule permitting a district court to sanction an attorney for appealing an adverse ruling might deter even a courageous lawyer from seeking the reversal of a district court decision.” That view has been reiterated by this court, see, e.g.,
 
 Sierra Club,
 
 supra, 776 F.2d at 392. Moreover, we recently relied upon
 
 Sierra
 
 to overturn an award by a district court of attorneys fees for a petition for certiorari.
 
 Roth v. Pritikin,
 
 supra, at 58-59. We have found only one court of appeals decision in other circuits for the contrary position, see
 
 United States v. Blodgett,
 
 709 F.2d 608 (9th Cir.1983). However, the court in that case, which was decided before
 
 Sierra Club,
 
 apparently did not consider the policy emphasized there and in
 
 Cheng.
 

 Appellants urge that bankruptcy proceedings should be excluded from this rule, since the bankruptcy judge is in an unusual position. The judge oversees proceedings that often continue over a long period of time and involve multiple and diverse legal questions and interlocutory appeals. The judge thus has an extraordinary opportunity to observe the parties’ behavior and to discern a pattern of obstructionist, vexatious conduct. Appellants also stress that the bankruptcy judge is obliged to supervise the administration of the estate and the preservation of its assets for the creditors. Expenses incurred by the estate in defending harassing litigation are thus a matter of grave and special concern in a bankruptcy court.
 

 We reject appellants’ argument that the reasoning of
 
 Sierra Club
 
 should not apply to bankruptcy courts. Although appellants accurately characterize a bankruptcy judge’s role, we do not believe it is as distinctive as they assert. The ongoing responsibility of a bankruptcy judge is not that much different from that of a trial judge in protracted litigation — such as a major anti-trust suit or a civil rights class action — or in a lawsuit that seeks a preliminary injunction, which may involve interim rulings and appeals. Indeed, the heightened involvement of the judge in such cases may weigh against granting the judge additional power to influence, if not control, the parties’ decisions on whether to appeal unfavorable rulings. A key purpose of appellate review is to give a litigant recourse to another judicial authority in the event of error or bias by the trial judge. Where a party abuses that right by filing vexatious and baseless appeals, the proper recourse for the adversary is to seek relief from the appellate court — a course appellants appear not to have pursued. Appellate courts have more than ample authority to sanction both parties and their attorneys for frivolous appeals, see e.g., Fed.R.Civ.P. 11, Fed.R.App.P. 38. Should an appellate court want to make use of the trial court’s extensive knowledge of the events that transpired before review was sought, it can always impose the sanction of fees but allow the trial court to fix the amount in the first instance.
 
 Sierra Club,
 
 supra, 776 F.2d at 392.
 

 The only remaining issue is Glat-zer’s claim that the lower courts erred in denying his application for fees on the ground that a pro se litigant is not entitled to attorneys fees. However, we need not reach this question. The bulk of Glatzer’s application would be denied, in any event, because of our rulings with respect to Barr. The only unresolved issue is Glat-zer’s appeal from the denial of fees to him in connection with Montmartco’s motion in the bankruptcy court to dismiss the rein
 
 *289
 
 stated Chapter XI petition. The fee award in Barr’s favor for this limited aspect of the litigation is the only portion of the bankruptcy judge’s award that remains viable in view of our rulings above. However, the district judge found no evidence that Glatzer played any significant role in that litigation, 52 B.R. at 994, and we see no grounds to disturb that ruling.
 

 The decision of the district court is affirmed.