William F. JENNINGS,
Plaintiff–Appellant,

and

Don Gladden, Appellant,

JOSHUA INDEPENDENT SCHOOL
DISTRICT, et al., Defendants–
Appellees,

Francesca Raines and Royce Ingersol,
etc., Defendants–Third Party
Plaintiffs–Appellees,

Security Associates International, Third
Party Defendants–Appellees.

No. 90–7004.

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 1991.

Rehearing and Rehearing En Banc
Denied Jan. 2, 1992.

Alan B. Morrison, Pub. Cit. Lit. Group, Washington, D.C., for Jennings.

Laurence L. Priddy, Fort Worth, Tex., for Don Gladden.

David Owen, Quillin, Owen & Thompson, Ft. Worth, Tex., for Joshua, Greenawalt & Lofton.

Mark Donheiser, Jeffrey R. Seckel, Strasburber & Price, Dallas, Tex., for Security Assoc.

Elizabeth L. Phifer, Hollye C. Fisk, Fisk & Fielder, Dallas, Tex., for Institute of Crim. & Civ. Investigation and Raines.

Before CLARK, Chief Judge, WILLIAMS, and BARKSDALE, Circuit Judges.

CLARK, Chief Judge:

This appeal challenges sanctions imposed under Federal Rule of Civil Procedure 11. The district court initially imposed a sanction of $84,113.01 in attorneys' fees jointly

against attorney Don Gladden, and his client, William Jennings. We vacated and directed the district court on remand to reconsider its sanctions in light of our intervening decision in *Thomas v. Capital Sec. Serv., Inc.*, 836 F.2d 866 (5th Cir.1988) (*en banc*). In response to our mandate, the court imposed fees of $42,656.51 jointly against Jennings and Gladden. We vacate that last judgment and impose attorneys' fees jointly and severally against Gladden and Jennings in the amount of $21,539.95.

## I.

The facts are thoroughly detailed in our prior opinion, *Jennings v. Joshua Indep. School Dist.*, 877 F.2d 313, 314–316 (5th Cir.1989) (on rehearing). In sum, the action challenged the constitutionality of a policy instituted by the Joshua Independent School District [JISD]. To educate students about the dangers of drugs, alcohol, and weapons and to deter the bringing of such items to school, JISD used trained dogs to sniff cars in the high school's parking lot. If the dog alerted at a car, the dog handler accompanied by the assistant principal would ask the car's owner to consent to a search. If the owner refused to sign the written consent form, policy required that the school turn the matter over to the police.

When a trained dog targeted a car driven by the high school daughter of Plaintiff Jennings, she refused to consent to a search of the vehicle. Jennings also declined to allow a search of his car. The school called the police who investigated the matter, determined there was probable cause to search the vehicle, and obtained a valid search warrant. The search proved negative.

Jennings employed Gladden to represent him in challenging the policy. Gladden filed a complaint under 42 U.S.C. § 1983 seeking damages from JISD, school officials, the owner of an investigating service, the contractor who supplied the dogs, the dog handler, and the police officer who conducted the search. The district court denied the defendants' motions for summary judgment. At the close of a five-day trial, the court entered a directed verdict in favor of all the defendants except the police officer. A jury found in his favor.

The defendants sought the full amount of their attorneys fees under 42 U.S.C. § 1988, and, in the alternative, sought to recover such fees as a sanction under Fed. R.Civ.P. 11. The district court imposed the defendants' total attorneys fees amounting to $84,113.01 as a Rule 11 sanction against both Gladden and Jennings. The court held that the lawsuit was frivolous because plaintiff's evidence furnished no basis for asserting that any defendant, other than the police officer, violated plaintiff's constitutional rights and that the outcome was foreseeable by plaintiff's attorney, if it was not entirely plain to plaintiff Jennings. Jennings and Gladden appealed.

On that first appeal, this Court upheld the district court's joint imposition of Rule 11 sanctions against both Jennings and Gladden. On rehearing, we vacated the sanctions imposed by the court for reconsideration in light of our intervening ruling in *Thomas v. Capital Sec. Serv. Inc.*, 836 F.2d 866 (5th Cir.1988) (*en banc*). The Court stated:

> Given the amount of the sanction, we ask that the district court address *Thomas's* mitigation and notice requirements, as well as *Thomas's* command that the sanctions imposed be the least severe sanctions adequate under the circumstances to promote Rule 11's purposes of education, compensation and deterrence. We do this in keeping with Thomas's statement that "[i]f the sanctions imposed are substantial in amount, type or effect, appellate review of such awards will be more rigorous," 836 F.2d at 883. We wish to make certain that the district court's justification of the Rule 11 decision in the record corresponds to the amount, type and effect of the sanction imposed, before reviewing that record and decision for abuse of discretion. *See Thomas*, 836 F.2d at 883.

*Jennings v. Joshua Indep. School Dist.*, 877 F.2d 313, 321–22 (5th Cir.1989) (on rehearing).

On remand, the district court reduced by one-half the amount of the joint and several award against Jennings and Gladden. Jennings and Gladden again appeal. We vacate and render.

## II.

Rule 11 imposes on trial courts an objective standard of reasonableness under the circumstances. *Business Guides, Inc. v. Chromatic Commun. Enter., Inc.,* — U.S. ——, 111 S.Ct. 922, 931–32, 112 L.Ed.2d 1140 (1991); *Thomas,* 836 F.2d at 873. The reasonableness of the conduct involved is to be viewed at the time counsel or the party signed the document alleged to be the basis for the Rule 11 violation. In this case, that conduct consists of signing the complaint without making a reasonable inquiry into the law underlying the claim. Our review is limited to testing for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.,* — U.S. ——, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990); *Thomas,* 836 F.2d at 871–73.

Jennings contends that he should not be held liable. He asserts that the material facts have never been disputed. The responsibility for researching the law and evaluating the legal merits of the claim lay with his lawyer, not him. This panel is not at liberty to evaluate the factual basis of this contention. Any review of Jennings' joint and several liability is foreclosed by this Court's partial affirmance in our prior opinion. *Jennings,* 877 F.2d at 321.

The legal basis for such joint liability was made clear. Both Gladden and Jennings failed to conduct a reasonable inquiry into the facts or law before filing the lawsuit. Gladden filed the pleadings and Jennings signed a sworn affidavit to oppose the defendants' motion for summary judgement. Jennings' only purpose in bringing this action was to harass the defendants. *Jennings,* 877 F.2d at 320.

In *Business Guides,* the Supreme Court held that any attorney, represented party, or pro se litigant who signs a pleading or other paper or affidavit without first conducting a reasonable inquiry may be liable for Rule 11 sanctions. 111 S.Ct. at 928–931. The notes of the Advisory Committee pertaining to the 1983 amendment of Rule 11 state:

> If the duty imposed by the rule is violated, the court should have the discretion to impose sanctions on either *the attorney, the party the signing attorney represents, or both,* or on an unrepresented party who signed the pleading, and the new rule so provides.... Even though it is the attorney whose signature violates the rule, it may be *appropriate under the circumstances* of the case to impose a sanction on the client.

FED.R.CIV.P. 11 advisory committee's note (emphasis added). The district court had discretion to impose sanctions on Jennings as well as Gladden.

Once the court determines that a violation of Rule 11 has occurred, the court "shall" impose sanctions. As *Thomas* aptly noted, "[t]here are no longer any 'free passes' for attorneys and litigants who violate Rule 11." 836 F.2d at 876. "[T]he district court should carefully choose sanctions that foster the appropriate purpose of the rule, depending upon the parties, the violation, and the nature of the case." *Thomas,* 836 F.2d at 877.

Our mandate on the initial appeal asked the district court to consider the new teachings of *Thomas* and "address *Thomas's* mitigation and notice requirements, as well as *Thomas's* command that the sanctions imposed be the least severe sanctions adequate under the circumstances to promote Rule 11's purpose of education, compensation and deterrence." *Jennings,* 877 F.2d at 321–322.

The issue on this present appeal is whether the district court abused its discretion in continuing to impose Rule 11 sanctions in the form of attorney fees against Jennings and Gladden, albeit reducing the amount of such sanctions by one-half.

Our remand contemplated that the district court would give the matter of appropriate sanctions sufficient additional consideration in light of *Thomas* to enable us to review the court's justification, not just the amount, but also the "type and effect

of the sanction imposed" before we reviewed the record and the district court's decision for abuse of discretion. *Jennings*, 877 F.2d at 322.

The order entered by the district court on remand states that (1) "Defendants did attempt to mitigate their costs by filing motions for summary judgment," (2) the record was "devoid" of any evidence that defendants attempted to notify plaintiffs that their pleadings might be subject to Rule 11 sanctions, and (3) attorneys' fees were an appropriate sanction. The court reduced the award by one-half because of defendants' failure to notify plaintiffs.

■ *Thomas* does not require a court to make specific findings and conclusions in every Rule 11 case, but *Thomas* noted that findings and conclusions "assist in appellate review, demonstrating that the trial court exercised its discretion in reasoned and principled fashion, [and] help assure the litigants, and incidentally the judge as well, that the decision was the product of thoughtful deliberation." *Thomas*, 836 F.2d at 883. Our remand order made this proceeding different. We asked for findings which would permit proper evaluation of the district court's action in a newly developed area of law.

■ *Thomas* places an affirmative duty upon a party to give prompt notice to the court and the alleged offending party when it is believed that a pleading has been filed in violation of Rule 11. *Thomas*, 836 F.2d at 879. Although a party may give notice to the court and offending party in a variety of ways including informal telephonic discussions with counsel opposite, a letter, or a Rule 11 motion, the preferable method is a formal written notice which can be included in the record for appellate review. *Thomas*, 836 F.2d at 880; *Donaldson v. Clark*, 819 F.2d 1551, 1560 (11th Cir.1987).

■ The district court's finding that the record contained no evidence of notice is in error. The record discloses that defendants' original answer stated:

> Your Defendants would show that Plaintiff's suit is without substantial merit and is filed in bad faith for purposes of vexation, abuse, or in an attempt to harass or embarrass Defendants. Accordingly, Defendants are entitled to an award of reasonable attorney's fees for their defense herein.

At oral argument counsel points out that the district court made its ruling without the benefit of briefs or appearance of counsel following remand. In the pre-*Thomas* setting in which it was written, the language in defendants' answer constituted adequate notice.

■ On remand, the district court held that the defendants met their duty to mitigate their costs by filing motions for summary judgment. We agree. Although the district court denied the defendants' motions for summary judgment, he explained in his Order of January 5, 1988, at 8 n. 6 and again in his Order of October 19, 1990, at 3–4 that he thought the defendants would refile their motions after development of further evidence. Unfortunately, the judge did not express that expectation to the defendants. Given such lack of communication, the defendants were not at fault for failing to resolve this case by a second motion for summary judgment.

■ Discretion is vested in the trial court to determine the type and amount of sanctions once the court finds a violation of Rule 11. *Thomas*, 836 F.2d at 878. That discretion, however, is not unlimited and is subject to appellate review. Our mandate asked for sufficient explanation of the district court's decision on remand to permit our review to be meaningful. The order on remand cryptically stated that an award of one-half of defendants' attorneys' fees "is the least severe sanction adequate to serve the purpose of Rule 11." The only elaborations were statements that the court found plaintiffs knew all the pertinent facts before filing the action and that the outcome of the action was "surely foreseeable to Jennings and his counsel." While the district court's choice to impose monetary sanctions was not an abuse of discretion, its determination that an arbitrary percentage of all fees incurred constituted the least severe sanction was based on errors

of fact and law. The one-half reduction from fees originally assessed was made because the court thought defendants had not given any notice. This was factually wrong. The countervailing legal errors are discussed below.

 The discretion vested in the trial court is granted so its thoughtful exercise will carry out the educational and deterrent functions of the rule. *Thomas*, 836 F.2d at 877. Rule 11 does not compel the shifting of fees as a sanction, nor is full compensation a rigid requirement in every case. *Thomas*, 836 F.2d at 877. Private or public reprimands or fixed compensatory or punitive fines may be less severe and equally or more effective. *Thomas*, 836 F.2d at 878. *See also* Proposed Amendments to FED.R.CIV.P. and FED.R.EVD., 137 F.R.D. 53, 74–82 (1991) (preliminary draft of proposed amendments to FED.R.CIV.P. 11(c)(2) and advisory committee's notes.) Since compensatory sanctions under Rule 11 have been approved in today's case the amount of such sanctions should be limited to expenses directly caused by the filing of the baseless complaint in the district court. *Cooter & Gell v. Hartmarx Corp.*, 110 S.Ct. at 2461. Halving an award of all attorneys' fees incurred in the litigation does not indicate an exercise of discretion to find the point of least severe sanctions. The district court acknowledged this action could have been disposed of by a properly supported motion for summary judgment. Furthermore, it is difficult to understand how this wholly frivolous action could have survived any motion for summary judgment. The fees attributable to plaintiff's pleading ended with the court's ruling on that motion. Thus, fees incurred prior to the time the district court overruled the defendants' motion for summary judgment were the appropriate least severe sanction. This discrete point was the logical place to stop such compensation.

Because the record on appeal contains precise daily time records of fees incurred, we are able to fix the amount of such fees here. On November 7, 1986 the district court denied the motions for summary judgment of the school defendants and the dog handlers, and on January 28, 1987 the district court denied the dog contractor's motion for summary judgment.

It is ORDERED that Plaintiff William Jennings and his attorney of record, Don Gladden, pay to the named defendants the amounts indicated to reimburse those defendants for fees and costs incurred in this action: 1) to Joshua Independent School District, Charles Greenawalt, and Larry Loftin: $8,715.70; 2) to Francesca Raines and Royce Ingersoll d/b/a Institute of Criminal and Civil Investigation: $6,006.49; 3) to Security Associates International: $6,817.76.

The appeal did not lack merit. We decline to award damages and costs under Rule 38, Federal Rules of Appellate Procedure. This case has been in litigation for over six years. The intent of our opinion today is to bring the proceedings to a close.

The judgment of the district court is VACATED and judgment is RENDERED.