and the UMW are jointly and severally financially responsible for the notification costs to those bound by the Agreement but not named as parties.

For the additional reasons set forth in the Memorandum Opinion entered this day, and appearing to the court that the elements of Rule 23(a) are satisfied, it is hereby ADJUDGED and ORDERED that the class be certified as follows:

> Beneficiaries of the UMW 1950 Benefit Trust and the UMW 1974 Benefit Trust as defined by Article I(4) of the 1950 Benefit Plan and Trust and Article I(4) of the 1974 Benefit Plan and Trust. The class includes, but is not limited to, retired miners, widows of retired miners, and their eligible dependents.

Further, as set forth in the Memorandum Opinion, and after considering the evidence and the briefs, the court hereby ORDERS that the law firm of White Elliott & Bundy remain as Plaintiffs' attorneys.

There remains the issue concerning a subpoena issued by the UMW to depose SH & A to induce further information concerning a preported conflict of interest. From a practical point of view, the issue is moot as the essential issues have already been addressed. The court perceives that no useful purpose will be served by taking additional evidence. Therefore, the court quashes the subpoena seeking further discovery from SH & A.

**CJC HOLDINGS, INC. d/b/a Artcarved**

**v.**

**WRIGHT & LATO, INC.**

Civ. No. A-90-CA-533.

United States District Court,
W.D. Texas,
Austin Division.

June 9, 1992.

Christina Carlson Dodds, Jones, Day Reavis & Pogue, Rick Harrison, Jones, Day, Reavis & Pogue, Austin, Tex., for plaintiff.

Louis T. Pirkey, Arnold, White & Durkee, Austin, Tex., Peter L. Berger, Levisohn, Lerner & Berger, New York City, for defendant.

## ORDER

NOWLIN, District Judge.

Before the Court are: Plaintiff CJC Holdings' Motion for Attorney's Fees, filed on April 20, 1992; Defendant Wright & Lato's oral motion for Rule 11 sanctions; and, Defendant Wright & Lato's Petition for Attorneys' Fees, filed June 8, 1992. On May 18, 1992, this Court held a hearing to consider the Plaintiff's motion. On May 12, 1992, this Court ordered that the attorneys be prepared to discuss at the hearing whether Rule 11 sanctions would be appropriate for the filing of the Plaintiff's motion.

### I. Background

On December 9, 1991, this Court entered a default judgment in favor of Plaintiff CJC Holdings, Inc., d/b/a Artcarved ("Artcarved"), and against Defendant Wright & Lato, Inc. In addition to the specific injunctive relief, this Court also awarded Plaintiff Artcarved $115,661.75 (plus postjudgment interest), the full amount of attorney's fees requested by Artcarved for its total services and expenses incurred in maintaining the action.

Upon motion of Plaintiff Artcarved, this Court entered an order permitting registration in a foreign jurisdiction the portion of this Court's default judgment awarding attorney's fees to Artcarved. Apparently upon the fear of Artcarved's registering and executing that portion of this Court's judgment in a federal district court in New Jersey, Wright & Lato unsuccessfully sought to collaterally attack, in a federal district court in New Jersey, the judgment of this Court. Subsequently, Wright & Lato filed a supersedeas bond in this Court to prevent execution of the judgment pending resolution of the appeal to the Fifth Circuit.

Based primarily, if not exclusively, upon Wright & Lato's unsuccessful collateral attack in the federal district court in New Jersey, Artcarved has moved in this Court for an award of sanctions to compensate Artcarved for its costs in defending the collateral action. The federal court in New Jersey dismissed that action without prejudice and without assessing costs or fees to any party. *See Plaintiff's Motion For Attorneys Fees*, filed April 20, 1992, Exhibit

B at 2.[1] At first glance, this Court presumed that such a motion should be filed in the forum where the allegedly improper conduct occurred. The law confirms such a presumption.

II. Sanctions Under 28 U.S.C. § 1927 and the Inherent Power

Although also resting on this Court's inherent power, the plaintiff's motion for sanctions is primarily based upon the statutory provision of 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings *in any case* unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (emphasis added). In its motion, Plaintiff Artcarved cited one case to support its argument for sanctions based upon § 1927. *See Plaintiff's Brief in Support of Motion for Attorney's Fees*, filed April 20, 1992, at 5 (citing *Shields v. Shetler*, 120 F.R.D. 123, 127 (D.Colo.1988)). In that case the district court did indeed impose sanctions upon an attorney and the client's attorney for motions and pleadings filed *before that court. See generally, Shields.*

In *Shields*, the district court presented three requirements that must be met before liability may be imposed under § 1927:

(1) a multiplication of proceedings by an attorney or other person;

(2) by conduct that can be characterized as unreasonable and vexatious; and,

(3) a resulting increase in the cost of proceedings.

*See Shields*, 120 F.R.D. at 127. The district court in *Shields* did not however need to concern itself with the plain language, *"in any case,"* of Section 1927. This lan-

guage and precedent limit the application of Section 1927 to conduct in the case before the court and not in a case before another court.

Section 1927 does not permit a court to impose sanctions against a party. *See Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir.1991). Section 1927 permits sanctions for the *excess* costs, expenses, and attorney's fees reasonably incurred because of an attorney's unreasonable and vexatious multiplication of the proceedings. *See id.* (emphasis in original). Explaining 28 U.S.C. § 1927, the Fifth Circuit has stated:

> Before an award is made under § 1927, the attorney to be sanctioned must be allowed to respond not only as to the finding that her [or his] actions taken on behalf of her client have become unreasonable and vexatious, but also as to the amount of her opponent's fees and costs which are attributable to any action that multiplied the proceedings.

*Id.* at 346.

The Fifth Circuit has strictly construed § 1927 to not dampen the proper zeal of an attorney representing a client. *See Matter of Case*, 937 F.2d 1014, 1023 (5th Cir.1991). The Fifth Circuit has expressly stated that:

> The language of § 1927 limits the court's sanction power to attorney's actions *which multiply the proceedings in the case before the court. Section 1927 does not reach conduct that cannot be construed as part of the proceedings before the court issuing § 1927 sanctions.*

*Id.* (emphasis added).[2] The Fifth Circuit has held that § 1927 sanctions could not be awarded based upon conduct that occurred "in a *separate* state court proceeding *no matter how vexatious or multiplicious that conduct may be." See id.* (emphasis added). Recognizing that the proceedings

---

**1.** For this Court to impose costs against Wright & Lato when the federal district court in New Jersey declined to do so would be entirely improper.

**2.** Again, this Court awarded Plaintiff Artcarved the full amount of attorney's fees that Artcarved requested for all of the proceedings that occurred prior to judgment in the case before this Court.

in the state court were *"completely collateral* to the proceedings in" the federal court, the Fifth Circuit stated that the conduct of the parties in the collateral action did not affect the exercise of the judicial authority of the federal court or limit the authority of the federal court to control the behavior of the parties and attorneys in the litigation before that court. *Id.* at 1023–1024. The Fifth Circuit specifically concluded that the federal court did have the power to award sanctions for bad faith conduct in the federal court proceeding, but the circuit court then stated that the inherent power of the federal court "does not reach conduct which does not occur in proceeding in the [federal] court." *Id.* at 1023. The *Matter of Case* decision directly addresses the situation before this Court.[3] Section 1927 sanctions cannot be awarded for allegedly improper conduct that occurred in a separate proceeding before a federal district court located in another state.

■■■ The appropriate time for assessing § 1927 sanctions is after a decision has been reached on the merits. *Gordon v. Heimann,* 715 F.2d 531, 537 (11th Cir.1983) (citing to *Knighton v. Watkins,* 616 F.2d 795, 798 (5th Cir.1980)). This Court did not reach a decision on the merits of the collateral attack by the defendants in the federal district court in New Jersey. As the Second Circuit has recognized:

> Though under the present § 1927 "attorneys' fees were intended to be among the costs which a party could request after litigation was completed," *the request*

for such an award is nonetheless made in the case in which the attorney's unreasonable conduct is alleged to have occurred.

See *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 69 (2d Cir.1990) (citing *Gordon v. Heimann,* 715 F.2d at 537.).[4]

■■■ Under the same basic rationale as it applied to 28 U.S.C. § 1927, the Fifth Circuit concluded that the inherent power of a district court to assess attorney's fees as sanctions is also limited to litigation before that court. See *Matter of Case,* 937 F.2d at 1023 and 1024. Because the proceedings complained of were completely collateral to the proceedings before this Court, the conduct of the attorneys and the clients before the district court in New Jersey did not affect this Court's exercise of judicial authority. See *id.* at 1023–1024. Any exercise of the inherent power to sanction by a federal court must arise from the litigation before that court. *Id.* at 1024. Indeed, the Supreme Court has stated that a court's inherent powers:

> ... are "governed not by rule or statute but by the control necessarily vested in courts *to manage their own affairs* so as to achieve the orderly and expeditious disposition of cases."

*Chambers v. NASCO, Inc.,* —— U.S. ——, ——, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991) (emphasis added) (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962)). The district court in *Chambers*

---

**3.** The plaintiff has argued that the *Matter of Case* decision is distinguishable from the present situation. The plaintiff has emphasized that the *Matter of Case* decision only held that a federal court could not sanction conduct that occurred in a separate *state* court proceeding. Plaintiff Artcarved maintains that it and presumably Defendant Wright & Lato did not cite *Matter of Case* (which Artcarved maintains it was well aware of at the time its motion for sanctions was filed) because that decision is factually and legally distinguishable from the present matter. See *Plaintiff's Post–Submission Brief,* filed June 2, 1992, at 2. Merely because the parties do not discuss a case does not limit its applicability. For the reasons discussed in this opinion, the *Matter of Case,* a recent decision from this Circuit, is on point.

**4.** Artcarved argues that the Second Circuit in *Cresswell* misconstrued the *Gordon v. Heimann* case. See *Plaintiff's Post Submission Brief,* at 9. The *Cresswell* court did quote material from *Gordon v. Heimann* and consistent with citation rules did refer to the Fifth Circuit opinion with an introductory signal before the citation. *Cresswell* explicitly states that requests for attorney's fees under Section 1927 should be in the same lawsuit in which the allegedly improper conduct occurred. *Cresswell,* 922 F.2d at 69–70. Permitting a post-judgment motion for attorney's fees for bad faith conduct allegedly occurring in a separate collateral action would be tantamount to concluding that Section 1927 would allow the basis for an independent suit, which Section 1927 does not. See *Cresswell,* 922 F.2d at 70.

was concerned with its own affairs when it imposed the sanctions.[5]

In the present situation, the plaintiff requests this Court to sanction conduct that occurred in and before another United States district court in another circuit. Those matters did not in any way delay or interfere with the proceedings of this Court. The only interference of those proceedings with this Court resulted from the plaintiff's own motion for sanctions. This court is not the proper court nor is this the proper case for sanctions for the conduct that occurred in New Jersey.[6]

■ Discussing the inherent power of a court, the Supreme Court has stated:

> The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes.... Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record. But in a proper case, such sanctions are within a court's powers.

*Roadway Express, Inc. v. Piper*, 447 U.S. 752, 754, 100 S.Ct. 2455, 2458, 65 L.Ed.2d 488 (1980). Under 28 U.S.C. § 1927 and the court's inherent powers, the district court has discretion to conclude that sanctions are unwarranted. *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 877 (5th Cir.1988) (en banc).

■ Federal district courts should be very cautious in the use of any inherent power to sanction. "Because of their very potency, inherent powers must be exercised with great restraint." *Chambers v. NASCO*, 111 S.Ct. at 2132 (citation omitted). Any sanction under a court's inherent power should be proportionate to the level of improper conduct. *Id.*, 111 S.Ct. at 2132–2133.[7]

Based upon the above discussed precedent, this Court lacks jurisdiction to sanction any parties or attorneys for the conduct that occurred in and before the federal district court in New Jersey. That federal district court which heard and ruled upon the collateral attack, a case in and of itself, is the proper forum for any sanctions to be imposed for any allegedly improper conduct in that case. The federal district court in New Jersey has an ample array of means by which it may sanction a party or the party's attorneys for improper conduct. That court has the appropriate ability to determine whether any conduct in that action is sanctionable under § 1927 or the court's inherent power.

**5.** In its post-submission brief, the plaintiff argues that *Matter of Case* "must be read in the context of *Chambers.*" *See Plaintiff's Post–Submission Brief*, at 3, filed June 2, 1992 (footnote omitted). This Court agrees with that general proposition. The plaintiff emphasizes *Chambers* for the proposition that the Supreme Court held that the district court did have jurisdiction to sanction a party's bad faith conduct before other tribunals. *See id.* at 3 n. 2. This argument must be limited by the facts of that case to similar situations. This is not such a situation. In *Chambers*, the Supreme Court did state that a "party may be sanctioned for conduct occurring beyond the courtroom." *See Chambers*, —— U.S. at ——, 111 S.Ct. at 2139. The Court did uphold the sanction the party for proceeding before the FCC *"in direct contravention"* of the district court's own orders. Also, the conduct concerning the frivolous appeals concerned the case before the district court that caused delay in that same district court. *See generally NASCO, Inc. v. Calcasieu Television and Radio*, 124 F.R.D. 120, 128–138 (W.D.La.1989). Additionally, it is worth noting that the Court of Appeals specifically imposed liability upon the sanctioned party for attorney's fees for the appeal and merely remanded the issue to the district court for a calculation of the amount. *See id.*, —— U.S. at ——, 111 S.Ct. at 2130; *see also, NASCO*, 124 F.R.D. at 137 (after the Court of Appeals sanctioned the main appeal, the sanctioned party withdrew the other pending appeals).

**6.** As a side matter, without addressing the merits of the issue, this Court also questions whether it would even have jurisdiction to sanction the conduct of the attorneys who represented the defendant in New Jersey because those attorneys are not admitted to practice before this Court.

**7.** Although this Court did award the full amount of reasonable attorney's fees to the plaintiff for the litigation that occurred in the main proceeding before this Court, this Court did not find any bad faith or misconduct by the defendant or its attorneys relating to those proceedings.

All of the conduct complained of by the plaintiff took place before or in direct relation to the case before the federal district court in New Jersey. The plaintiff's motion specifically asserted, "Artcarved is entitled to recover its costs, expenses, and attorneys' fees *incurred in defending the New Jersey action." See Plaintiff's Motion for Attorneys Fees,* filed April 20, 1992, at 4 (emphasis added). If the lawyers or parties engaged in improper conduct, especially conduct amounting to bad faith, the district court in which that conduct allegedly occurred is the proper forum to make such a decision.

In addition to the court in New Jersey being the proper court, the plaintiffs would have had a much lower standard of proof to obtain sanctions in that court. Although unwarranted in this Court because none of the pleadings were filed here, the plaintiff could have filed a Rule 11 motion in the court in New Jersey. Rule 11 imposes a lower standard than the bad faith finding required under either 28 U.S.C. § 1927 or the court's inherent power.

This legal limitation on the sanctioning power of courts serves both practical and logical purposes. The district court in New Jersey experienced first-hand the pleadings and arguments of counsel in the collateral proceeding. For one court to impose sanctions for conduct occurring before another court in another case would be an unwarranted intrusion into the respect due to each forum to manage and control its own affairs. If a determination is to be made whether conduct is sanctionable under any power of a court, the only court that should make such a decision is the court before which such conduct occurred, subject to appellate review.

The counsel for Plaintiff Artcarved relies upon five cases to support the argument for attorney's fees as sanctions against the defendant and its counsel. Those cases all involved allegedly improper conduct that occurred before the particular court that imposed or refused to impose sanctions. *See: Shields,* 120 F.R.D. at 126–128 (involving a motion for rehearing of the main case filed with the court); *Gordon v.*

*Heimann,* 715 F.2d 531, 533 (11th Cir.1983) (affirming the district court's imposition of sanctions against a party and his attorney for bad faith filings of RICO claims); *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975) (recognizing that a court may award attorney's fees against the losing party if such party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons) (citations omitted, but otherwise declining to recognize an exception to the "American Rule"); *Roadway Express, Inc. v. Piper,* 447 U.S. at 754, 100 S.Ct. at 2458 (involving a party's failure to comply with the court's own orders and the party's deliberate inaction in the case before the court); *NASCO, Inc. v. Calcasieu Television and Radio, Inc.,* 894 F.2d 696, 700–701 (5th Cir.1990) (involving sanctions imposed for a frivolous appeal and for the conduct of the parties and their counsel before the trial court) *affirmed* —— U.S. ——, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). Because Plaintiff Artcarved's counsel apparently did research to determine the proper forum to file the motion for sanctions (*see Plaintiff's Motion for Attorneys Fees,* filed April 20, 1992, Exhibit F(1), at 3), the Court finds incongruous this counsel's filing this sanctions motion without any support as to why this court would be the proper forum to rule on such a motion. Also, Artcarved does not reasonably explain why this motion should or could not have been made in the other court, the proper court to consider and rule on any such motion.

In Plaintiff Artcarved's reply brief to this Court, the plaintiff's counsel again fails to cite any authority to support its argument that this Court is the proper forum for its motion for attorney's fees. The plaintiff's counsel does emphasize the following passage from *Gordon v. Heimann:*

Additionally, a separate action may be filed for the purpose of obtaining attorney's fees incurred in a prior case.

*See Plaintiff's Reply Brief In Support of Motion For Attorneys' Fees,* filed May 11, 1992, at 5 (quoting from *Gordon v. Heimann,* 715 F.2d at 534). This language

was not emphasized or even referred to in the initial motion and supporting brief filed by the plaintiffs. This language does not permit one district court to impose sanctions that require a finding of bad faith upon an attorney or party for conduct that occurred entirely before another federal district court in another circuit. All of the cases referred to by the Eleventh Circuit in *Gordon v. Heimann* involved attorney's fees for actions and conduct that occurred before the court awarding the fees. *See Gordon v. Heimann*, 715 F.2d at 534–536. In fact, the language quoted above apparently only relates to a party's filing a statutorily authorized motion for attorney's fees for expenses incurred in the earlier action before the same court in which the party was successful. *See id.*

In *NASCO, Inc. v. Calcasieu*, although the Fifth Circuit imposed sanctions for a frivolous appeal, the appeals court remanded the case to the district court for a determination of whether Rule 11 sanctions were appropriate for conduct of the parties and their attorneys before the district court. *See NASCO, Inc. v. Calcasieu*, 894 F.2d at 700. The Fifth Circuit apparently concluded that the court where the allegedly improper conduct occurred was the correct forum to decide if and what sanctions would be appropriate.

Although not numerous, recent circuit court, including Fifth Circuit, and Supreme Court decisions state or imply that the proper forum to request attorney's fees as sanctions for bad faith conduct is the forum in which such conduct is alleged to have occurred, and not another forum. A reasonable inquiry into the law would have found such precedent. Meanwhile, there are no decisions that permit or can reasonably be construed to allow one court to sanction conduct that occurred before another court in a separate collateral action. Plaintiff Artcarved's attorneys have advanced no reasonable legal argument to the contrary. Artcarved has failed to make any reasonable argument for an extension or modification of the law.

As to why the decision was made to file in this court instead of the court in New Jersey, plaintiff's counsel only stated that many months of litigation had occurred before this court and only seven days occurred before the other court. The difficulty in such an argument is that the complained of conduct all occurred before or in direct relation to the proceeding before the federal court in New Jersey. Also, the action before this Court had effectively terminated pending the outcome of the appeal. None of the proceedings of the case before this court were multiplied by the collateral attack.

At the hearing, not in the motion or any supporting briefs thereto, the plaintiff's attorneys referred to a Ninth Circuit decision to support their argument that this Court was the proper forum in which to file their motion for attorney's fees. *See United States v. Blodgett*, 709 F.2d 608 (9th Cir. 1983). In *Blodgett*, the Ninth Circuit held that a federal district court had the power to sanction an attorney for filing a frivolous interlocutory appeal for "unnecessarily consuming time." *See id.* at 610. The Ninth Circuit based its holding on 28 U.S.C. § 1927 and on the court's inherent power. The *Blodgett* court stated that a district court could sanction an attorney for filing a frivolous interlocutory appeal from a decision entered in the same district court. *See id.* at 609–610. Again, the frivolous appeal resulted in a delay before the district court that imposed the sanctions.

The Second Circuit has recognized that *Blodgett* is the only court of appeals decision that holds that a district court could sanction an attorney for filing a frivolous appeal. *See Matter of Emergency Beacon Corp.*, 790 F.2d 285, 288 (2d Cir.1986). In that case, the Second Circuit held that bankruptcy courts do not have power to sanction parties or their attorneys for frivolous appeals, since such power belongs to the appellate courts. *See id.* at 288. The power to sanction frivolous appeals belongs solely with the court to which the appeal is made. *See id.* at 288 and 289. An appellate court can impose a sanction of fees but allow the trial court to determine the proper amount initially. *Id.* at 288. After the parties had stipulated that the issue belonged to the discretion of the appellate

court, the Ninth Circuit itself awarded attorney's fees as a sanction for a frivolous appeal from a decision of the district court. *See Optyl Eyewear Fashion International Corp. v. Style Companies, Ltd.,* 760 F.2d 1045, 1048 (9th Cir.1985).

In a case with a comparable procedural posture to the present action, the Tenth Circuit expressly held that a federal district court did not have subject matter jurisdiction to award attorney's fees under Section 1927 or the district court's inherent power for the costs incurred in successfully appealing an unfavorable judgment in a collateral attack from another federal district court. *See Morris By Rector v. Peterson,* 871 F.2d 948, 951 (10th Cir.1989). The Tenth Circuit followed the accepted rule that only the appellate court has the power to determine the right to award sanctions against counsel for conduct during an appeal. *See id.* This restriction applies to both Section 1927 and the district court's inherent power. *Id.* at 952. This Tenth Circuit decision implies that the district court also did not have the power to assess any sanctions against the party for conduct that occurred in the other federal district court.

## III. Federal Rule 11

Federal Rule 11 requires that an attorney conduct a "reasonable inquiry" to determine to the best of the signer's knowledge that the motion or other pleading is "well grounded in fact *and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law,* and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.Proc. 11; *see also, Hogue v. Royse City, Texas,* 939 F.2d 1249, 1256 (5th Cir.1991). If an attorney has signed a paper filed with the court, the court shall appropriately penalize any such attorney who signs the paper without such a substantiated belief as mandated by Rule 11. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 392, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990); *See also Thomas,* 836

F.2d at 876. The Fifth Circuit has explained:

> In determining the reasonableness of a legal inquiry, a court may consider the time available to the attorney; the plausibility of the legal view contained in the document; the pro se status of litigant; and the complexity of the legal and factual issues raised.

*Smith v. Our Lady of the Lake Hospital,* 960 F.2d 439, 444 (5th Cir.1992) (citing *Thomas,* 836 F.2d at 875–876). Plaintiff Artcarved's Motion was filed over two months following the conclusion of the collateral attack in New Jersey. In light of the clear sanctioning power of the district court in New Jersey as well as other factors discussed in this order, the plausibility of Artcarved's legal view lacks support in the law and in practical considerations.

Rule 11 imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith. *See Chambers v. NASCO,* 111 S.Ct. at 2134 (citing *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 498 U.S. ——, ——, 111 S.Ct. 922, 932, 112 L.Ed.2d 1140 (1991). The main objective of Rule 11 is to "deter baseless filings and curb abuses." *Business Guides v. Chromatic Communications,* 498 U.S. at ——, 111 S.Ct. at 934 (citing *Cooter & Gell,* 496 U.S. at 392, 110 S.Ct. at 2454). "Rule 11 imposes on trial courts an objective standard of reasonableness under the circumstances." *Jennings v. Joshua Independent School District,* 948 F.2d 194, 197 (5th Cir.1991) (citation omitted). As a "snapshot" rule, the district courts are to review the reasonableness of the conduct as of the time that the counsel or party signed the paper allegedly violating Rule 11. *See id.; see also Thomas,* 836 F.2d at 874. "... Rule 11 applies to each and every paper signed during the course of the proceedings and requires that each filing reflect a reasonable inquiry." *Thomas,* 836 F.2d at 875 (footnote omitted).

In sum, a district court must impose sanctions once a violation of Rule 11 is found, but the district court retains

broad discretion in determining the "appropriate" sanction under the rule. *Id.* at 878.

 As a factual determination for the district court, Rule 11 liability may be imposed upon the lawyer or client or both. *See Jennings,* 948 F.2d at 197. Monetary sanctions under Rule 11 should be limited to the expenses directly caused by the filing of the groundless pleading or motion. *See id.* at 199 (citing *Cooter & Gell,* 110 S.Ct. at 2461.)

This Court by order has provided counsel for both parties adequate notice of the possible violation of Rule 11 by the plaintiff's counsel. *See Jennings,* 948 F.2d at 198. A hearing was held to consider the propriety of Rule 11 sanctions in this case. At the hearing, Defendant Wright & Lato specifically moved this Court for a finding of a Rule 11 violation against Plaintiff Artcarved. This Court permitted both parties to file supplemental briefing if they so desired. Subsequently, Defendant Wright & Lato has filed a written petition seeking attorney's fees under Rule 11 against Plaintiff Artcarved.

 Just as the federal district court in New Jersey clearly had the power to sanction the conduct that occurred before it, this Court has the power to sanction the filing of the Plaintiff's motion. Even if the federal district court that heard a collateral attack were to dismiss for lack of jurisdiction, including lack of subject matter jurisdiction, the district court so acting may impose sanctions upon a party for any improper conduct before that court. *See generally, Willy v. Coastal Corporation,* — U.S. —, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992).[8] The Constitution does not permit attorneys practicing before a court to disregard the applicable procedural rules even if the court is ultimately found to have lacked jurisdiction over the matter or the parties. *See id.,* 112 S.Ct. at 1081.

The federal courts may impose Rule 11 sanctions for any such failure to comply with the applicable rules. *Id.* Rule 11 sanctions require a determination that an attorney has abused the judicial process, and, if so, what sanction would be appropriate. *Id.,* 112 S.Ct. at 1080 (citation omitted).

 In the section of its reply brief entitled "The Western District of Texas Is The Proper Forum For Plaintiff's Motion for Attorneys' Fees," the plaintiff makes the following argument that this court is the proper forum for this motion:

12 [sic] U.S.C. § 1927 provides no limitation on where an action for recovery of attorneys' fees may be maintained. Logic dictates that the court whose proceedings have been vexatiously multiplied has jurisdiction to hear such a claim. It is that court which is most familiar with the proceedings in issue and certainly best suited to determine whether the multiplication of proceedings was the result of bad faith.

*See Plaintiff's Reply Brief In Support Of Motion For Attorneys' Fees,* filed May 11, 1992, at 6. All of the "proceedings in issue" are those proceedings which occurred before the court in New Jersey. The proceedings of this court were not multiplied by that collateral action, only the proceedings before the other court were multiplied. Both logic and the law dictate that the proper forum to hear such a claim is the court whose proceedings have in fact been multiplied, which is indeed the court "most familiar" and "best suited" to assess the proceedings occurring before it.

At the hearing before this Court, plaintiff's counsel referred the Court to a section of a legal work to support plaintiff's position that this Court is the proper forum for this motion. *See* Joseph, Gregory P., *Sanctions: The Federal Law of Litigation*

---

**8.** This Court does recognize that the *Willy* opinion was issued on March 3, 1992. *See Willy,* 112 S.Ct. at 1076. The plaintiff's motion was filed on April 20, 1992. Although a month and a half is not a long period of time to be aware of recent opinions, an opinion of the Supreme Court has generally been disseminated to the legal community in numerous ways by that period of time. Also, the *Willy* Court was affirming the similar reasoning of the Fifth Circuit's decision issued on October 26, 1990. *See Willy v. Coastal Corp.,* 915 F.2d 965 (5th Cir.1990) *affirmed* — U.S. —, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992).

*Abuse,* § 22(A)(2). The specific section begins, *"A complaint that is multiplicative of pre-existing litigation may give rise to sanctions under § 1927." See id.* (emphasis in original). The author states:

> Even if a complaint is not sanctionable under § 1927, it may give rise to sanctions under Rule 11, the inherent power of the court or other sanctioning authorities.... *There is, therefore, no need to construe § 1927 to encompass every ill-motivated complaint.*

*See id.* at 331 (emphasis added) (citing as an example, *Blair v. Shenandoah Women's Center, Inc.,* 757 F.2d 1435, 1438 (4th Cir.1985)). This statement refers to the powers of the court in which the complaint was filed. Indeed, this entire section seems to refer to the sanctioning power of the court in which such a complaint is filed. *See generally, id.* at 326–331.

The counsel for the plaintiffs made a mistake by filing the motion for attorney's fees in this Court. Such a mistake could have been avoided if a reasonable inquiry into the law had been made prior to filing the motion. Although counsel for plaintiff apparently did not file this motion in bad faith, the plaintiff's counsel did fail to make a reasonable inquiry into the law. Such an inquiry would have shown that the proper forum for such a motion is the federal district court in New Jersey that heard and ruled upon the separate collateral action. Instead, the filing of the plaintiff's motion in this court at this stage of the litigation has caused improper harassment of the defendant, and this motion has forced this Court to concern itself with a matter unnecessarily. The attorneys for the plaintiff are well-experienced and well-respected. They do not need to be reprimanded for this violation, a monetary fine will suffice. This court is certain that the attorneys will learn from their mistake.

By finding a Rule 11 violation in this case, this Court does not chill or stifle the attorney's or the client's pursuit of novel factual or legal theories. The plaintiff and its counsel had a clear legal and logical basis to file the motion for sanctions in the federal district court in New Jersey, and they did not assert any novel argument that this Court is the proper forum to decide the motion. No need existed to attempt to create a new legal theory for filing the motion with this Court. Also, because a federal district court can adequately sanction any improper conduct occurring before it, to permit another federal district court to sanction such conduct would cause chaotic and unnecessary increases in litigation in the federal courts. By imposing sanctions in this situation, this Court decreases litigation in the federal courts.

 Because the motion for attorney's fees was filed following the completion of the underlying cause of action, this Court has "very little choice but to impose monetary sanctions." *See John v. State of Louisiana,* 899 F.2d 1441, 1448 (5th Cir. 1990). Procedural sanctions are no longer available given this action's current posture. *Id.* Awarding fees specifically resulting from the events relating to the sanctionable conduct is within a trial court's discretion. *See id.* at 1449. District courts should carefully select sanctions that foster the appropriate purpose of the rule, depending upon the parties, the violation, and the nature of the case. *See Thomas,* 836 F.2d at 877. Based upon these considerations and in light of this Court's previous award of the full amount of attorney's fees requested by the plaintiff, this Court feels equitably compelled to award reasonable fees to Defendant Wright & Lato for its time and expense caused by Plaintiff Artcarved's filing and pursuing its motion for sanctions.

Having reviewed the Wright & Lato's Petition for Attorney's Fees, the Court finds that Defendant Wright & Lato is entitled to an award of $13,208.50 plus an additional $2,000 dollars to represent the costs incurred by Wright & Lato following the May 18th hearing.[9] These fees are

---

9. The Court has reduced the amount requested by Wright & Lato by 50 cents. Based upon this Court's recalculation of all of the itemized billings by Wright & Lato, the entry on 4/28/92 for paralegal Bromley was apparently rounded up fifty cents above the precise calculation. Also,

both reasonable and were reasonably expended. *See Alberti v. Klevenhagen,* 896 F.2d 927, 932 (5th Cir.1990). This Court has carefully scrutinized and evaluated the particular billings submitted by Wright & Lato and finds these hours were reasonably expended and not excessive or unnecessarily duplicative. *See id.* at 922 and 933 (footnote omitted). Applying the *Johnson* factors, this Court also concludes that this fee award is reasonable. *See Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–719 (5th Cir.1974); *see also Alberti,* 896 F.2d at 929–930 (stating that district courts should consider the twelve factors enumerated in *Johnson* in a three-step process). Considering the various lodestar adjustments, this Court finds that the hourly rates of the various attorneys for Wright & Lato are reasonable and fair. *See Alberti,* 896 F.2d at 930.

THEREFORE, IT IS ORDERED that Plaintiff Artcarved's Motion for Attorney's Fees, filed April 20, 1992, is hereby DENIED.

IT IS ORDERED that Defendant Wright & Lato's Petition for Attorney's Fees, filed June 8, 1992, is hereby GRANTED as set forth in this order.

IT IS FURTHER ORDERED that Plaintiff Artcarved and Plaintiff Artcarved's counsel shall be jointly and severally liable for Defendant Wright & Lato's attorney's fees and expenses incurred in defending against Artcarved's motion and claims therein. Plaintiff Artcarved and Plaintiff's counsel shall pay $15,208.50 plus interest accrued thereon at the rate of 4.26% from the date of this Order until paid.[10]

SIGNED AND ENTERED.

---

this Court included the additional $2,000 as a very conservative estimate of fees incurred by Wright & Lato following this Court's May 18th hearing. This Court notes that Plaintiff Artcarved has steadfastly, without any concession, pursued its claim and the propriety of its filing.

---

**10.** This interest rate is based upon the most recent T–Bill offering on May 28, 1992, generating an effective interest rate of 4.26%. *See* 28 U.S.C. § 1961.