ARKANSAS STATE HIGHWAY COMMISSION, et al.
*v.* UNION INDEMNITY INSURANCE COMPANY of
New York, A New York Company, and Robert M.
Eubanks III, Insurance Commissioner, State of Arkansas

87-348                                          748 S.W.2d 338

Supreme Court of Arkansas
Opinion delivered April 25, 1988

*Thomas B. Keys, Maria L. Schenetzke,* and *Ted Goodloe,* for appellant Arkansas State Highway Commission.

*Junius Bracy Cross, Jr.,* for appellant Lofland Company of

Arkansas, Inc.

*Jack East III*, for appellees.

DARRELL HICKMAN, Justice. The question in this case is whether the Arkansas State Highway Department, and a materialman who supplied material to a highway job, have a claim against the Arkansas Property and Casualty Insurance Guaranty Fund when the claim arose after the insurance company that issued the surety bond on the job had been declared insolvent. The trial court held that under Arkansas law the appellants did not have a claim, and we agree.

In September of 1984, the Arkansas State Highway Commission entered into three contracts with Case Construction Company for jobs at Overflow Creek, Clear Creek Culvert and Cool Easy Creek totaling $525,000. The surety bonds for the three jobs were issued by Union Indemnity of New York. It is uncontroverted that the New York court that declared Union Indemnity insolvent and ordered its liquidation on July 16, 1985, had the authority to do so. The order provided that all obligations of Union would terminate as of August 17, 1985. The Arkansas Insurance Commissioner received notice of the liquidation on July 17, 1985, filed a local action and was appointed ancillary receiver for Union.

The highway commission did not receive personal notice by mail of the New York action, but notice was published in the Arkansas Gazette on August 9 and 16, 1985. A senior highway department employee knew of the insolvency on August 13, 1985.

The parties stipulated that "[n]either the Commission nor AHTD declared Case in default of his contractual obligations . . . before August 16, 1985." It was not until early November of 1985 that the Commission declared Case to be in default of all three projects. The highway department filed a claim for $118,000. Appellant Lofland supplied material in the amount of $1,611.87 before August 17, 1985, and the trial court allowed the claim for that amount. However the court denied a claim for materials amounting to $10,224.74 which were supplied after August 17, 1985.

The only question is whether the appellants had a claim under the Guaranty Fund or the Uniform Insurers Liquidation

Act, Ark. Code Ann. § 23-68-101—132 (1987). Those acts provide in part:

> This chapter shall apply to covered claims existing prior to the determination that an insurer is an insolvent insurer and to covered claims arising within thirty (30) days after the determination of insolvency or before the policy expiration date if less than thirty (30) days after the determination of insolvency or before the insured replaces the policy or effects its cancellation, if he does so within thirty (30) days of the determination of insolvency. [§ 23-90-111(a)]

> 'Covered claim' is an unpaid claim of an insured or third party liability claimant which arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which this chapter applies, and which is issued, or assumed whereby an assumption certificate is issued to the insured, by an insurer licensed to do business in this state, in cases where the insurer becomes an 'insolvent insurer' after March 30, 1977, and the third party claimant or liability claimant or insured is a resident of this state at the time of the insured event, or the property from which the claim arises is permanently located in this state. [§ 23-90-103]

> No contingent and unliquidated claim shall share in a distribution of the assets of an insurer which has been adjudicated to be insolvent by an order made pursuant to this chapter, except that the claim shall be considered, if properly presented, and may be allowed to share where:

> (1) The claim becomes absolute against the insurer on or before the last day for filing claims against the assets of the insurer. [§ 23-68-128(a)(1)]

The appellants argue they had a claim or contingent claim from the inception of the issuance of the surety agreement and rely on the case of *In the Matter of the Liquidation of Wisconsin Surety Corporation* v. *Anderson*, 112 Wis. 2d 396, 332 N.W.2d 860 (1983). The Wisconsin court held the surety has a liability coextensive with that of the principal which arises from

the time the surety agreement is entered into. The trial judge relied on *U.S.F. & G.* v. *Fultz*, 76 Ark. 410, 89 S.W. 410 (1905), which provides that a claim against a surety arises upon the principal's default. We agree. A claim against a surety does not arise until the obligee suffers actual damage. *C. & L. Rural Electric Co-op Corp.* v. *American Casualty Co.*, 199 F. Supp. 220 (W.D. Ark. 1961). The highway department did not declare Case Construction in default until November of 1985. The contractor was not in default on the contract within the critical time period so there is no doubt that the highway department did not have a claim under Arkansas law. Appellant Lofland delivered materials after August 17, 1985; therefore, he could not have a claim within the necessary time period.

The appellants argue they had no notice of the insolvency and were deprived of their rights without due process of law. Of course, there was no requirement that Lofland receive personal notice because there was no way to know of Lofland's existence. Lofland's argument is essentially the same as the highway department. The highway department received notice in time to file a claim. It was simply determined they had no claim. The fact they did not receive notice of the insolvency is immaterial.

Affirmed.