U.S. BANK, N.A., Individually and as Trustee for
Empire Funding Home Loan Trust 1997-1;
U.S. Bank, N.A., Individually and as Trustee for
Empire Funding Home Loan Trust 1997-2;
U.S. Bank, N.A., Individually and as Trustee for
Empire Funding Home Loan Trust 1997-3;
U.S. Bank, N.A., Individually and as Trustee for
Empire Funding Home Loan Trust 1997-4;
U.S. Bank, N.A., Individually and as Trustee for
Empire Funding Home Loan Trust 1997-5;
U.S. Bank N.A., Individually and as Trustee for
Empire Funding Home Loan Trust 1998-1;
U.S. Bank, N.A., Individually and as Trustee for
Empire Funding Home Loan Trust 1998-2,
*Appellant v.* Wilma MILBURN, *Appellee*;
Wilma Milburn *v.* U.S. Bank, Individually and as Trustee

01-1318/01-1008                               100 S.W.3d 674

Supreme Court of Arkansas
Opinion delivered February 28, 2003

*Rose Law Firm*, by: *Herbert C. Rule III, Garland J. Garrett*, and *Stephen N. Joiner*, for appellant.

*Joe Holifield*; and *McMath, Vehik, Drummond, Harrison & Ledbetter, P.A.*, by: *Mart Vehik*, for appellee.

ANNABELLE CLINTON IMBER, Justice. The instant matter comes to us as a set of interlocutory appeals by Appellant U.S. Bank, N.A., stemming from a Rule 23 class-action proceeding. In conjunction with this matter, a motion to dismiss U.S. Bank's appeal was filed in this court by Appellee Wilma Milburn. Because no appeal is properly before us, we must dismiss this set of interlocutory appeals, thereby rendering Milburn's motion to dismiss appeal moot.

Rosslare Funding, Inc., made loans to several individuals. Empire Funding Corporation bought the loans from Rosslare and pooled them together. Empire then transferred the pooled loans into trusts with U.S. Bank named as trustee. Empire sold interests in the pooled loan trusts to investors. U.S. Bank as trustee received and distributed the loan collections to the investors.

The loans Rosslare sold to Empire became the subject of a class-action lawsuit filed by Wilma Milburn in Greene County Circuit Court on August 20, 1998. The original complaint alleged usury, Truth in Lending Act (TILA)/Home Ownership and Equity Protection Act (HOEPA), and common-law fraud claims against several defendants including Rosslare and Empire.[1] On September 21, 1998, the case was removed to federal court where it remained until April 2, 1999, when the case was remanded to state court.[2] In late 1999 and early 2000, Milburn filed motions for class certification on the usury and fraud claims

---

[1] The other defendants are not pertinent to this appeal.

[2] The federal court granted Milburn's motion to dismiss the TILA / HOEPA claims without prejudice.

pursuant to Arkansas Rule of Civil Procedure 23. She also filed a motion for partial summary judgment on the usury claims contending that Arkansas law should apply to the loans. Empire responded with its own motion for summary judgment on the choice-of-law issue.

On April 20, 2000, Milburn filed a third amended complaint that named additional defendants, including U.S. Bank, N.A., individually and as trustee for certain loan trusts created by Empire. Shortly thereafter, Empire filed for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code. A hearing on the motions for class certification and summary judgment originally set for June 12, 2000, was postponed until June 8, 2001. In the interim, U.S. Bank filed responses to Milburn's class-certification and summary-judgment motions.[3] At the June 8, 2001 hearing, U.S. Bank objected to the court hearing arguments on Milburn's summary-judgment motion because her motion was not filed against U.S. Bank. Both parties agreed that the summary-judgment motion regarding the choice of law was the "core issue" in the case and that it would be generally dispositive of the merits. The court proceeded to hear the arguments on the issues of class certification and summary judgment. Milburn argued that Arkansas law should apply and thus the loans originating with Rosslare were usurious, while U.S. Bank argued that California law should apply, thereby rendering the interest on the loans below the legal maximum. After the hearing, in an order entered on June 11, 2001, the circuit court certified the class pursuant to Rule 23 of the Arkansas Rules of Civil Procedure. Milburn then filed a motion for approval of the class-action notice on July 17, 2001.

Meanwhile, the circuit court had deferred ruling on Milburn's summary-judgment motion and allowed the parties to file additional briefs on the choice-of-law issue. After U.S. Bank[4] and Milburn filed their respective briefs, the circuit judge sent a letter

---

[3] Milburn's fourth amended complaint filed on February 27, 2001, identified one additional loan trust as a defendant.

[4] In opposing Milburn's motion, U.S. Bank requested the court to find that California law applies to the loans and U.S. Bank adopted all factual allegations and legal analysis set forth in Empire's earlier responses.

to counsel on July 30, 2001, advising them that "the court . . . hereby finds for the plaintiff in its Motion for Summary Judgment. It is the court's belief that Arkansas law should be applied in this case." Counsel for Milburn was directed to prepare the precedent for an order.

On that same day, the circuit judge signed an order approving the class–action notice, which order was filed on August 1, 2001.[5] The notice advised each class member that the court would exclude the member from the class only if the member so requested within 20 days of the date of the notice. Subsequently, the notice was sent to each class member at his or her last known address in successive mailings on August 3, 2001, and August 9, 2001.

On August 23, 2001, which was twenty days after the first mailing of the class–action notice, the circuit court entered partial summary judgment in favor of Milburn. In its order, the court ruled that Arkansas law applied; and, thus, the mortgage loans were usurious. U.S. Bank's local counsel then filed a motion to be relieved as counsel, which the court granted on September 6, 2001. In the meantime, U.S. Bank had hired new counsel who filed a notice of appeal on September 4, 2001, designating an appeal from three separate orders: (1) the class–certification order; (2) the order approving the class–action notice; and (3) the order granting partial summary judgment. Also, on September 4, U.S. Bank filed a motion requesting reconsideration of the class–certification and partial summary-judgment orders. The motion asked the court to decertify the class, or in the alternative, to set aside the summary judgment, because Milburn obtained partial summary judgment on the merits of the issues in the case prior to completion of notice to the class.

On September 7, 2001, an order was entered appointing the Circuit Clerk of Greene County to act as a receiver, and directing U.S. Bank to pay all principal and interest received from the members of the class into the registry of the court during the pendency

---

[5] U.S. Bank had filed no response to Milburn's motion for approval of the class–action notice.

of this action. Milburn objected to U.S. Bank's September 4 notice of appeal and on September 17, 2001, filed a motion to dismiss the appeal for lack of jurisdiction. We deferred ruling on the motion until the submission of this appeal. U.S. Bank filed another notice of appeal on October 9, 2001, designating an appeal from the order appointing a receiver. *See* Ark. R. App. P.—Civ. 2(a)(7) (2002). The record was subsequently filed in this court on December 3, 2001.

In its original brief filed on January 22, 2002, U.S. Bank raised four separate points on appeal and requested oral argument. However, the fourth point, which challenged the circuit court's entry of partial summary judgment, was abandoned in the reply brief filed by U.S. Bank on April 16, 2002. U.S. Bank has therefore recognized that the partial-summary-judgment order is not a final order, and, thus, not properly appealable.

At oral argument, U.S. Bank's counsel conceded that the notice of appeal was untimely with respect to the class-certification order and the order approving class notice. Moreover, counsel for the bank admitted that at the time the orders were entered, there was no fundamental error. Nonetheless, while recognizing in its reply brief and at oral argument that the partial summary-judgment order was not a final appealable order, U.S. Bank contends that the entry of partial summary judgment on August 23 "impacted" the prior orders, thereby subsuming or bootstrapping those orders into the partial summary-judgment order. Under the so-called "impact theory" proposed by U.S. Bank, an order may become appealable at a later time when subsequent facts develop relating to that order. Thus, U.S. Bank suggests that the class-certification and class-action notice orders became appealable on August 23 when Milburn's motion for partial summary judgment was granted and entered of record. In other words, August 23 became the date from which to calculate the deadline for filing a timely notice of appeal with respect to the earlier class-certification and class-action notice orders. We decline to adopt the "impact theory" suggested by U.S. Bank.

The jurisdiction of this court depends upon the calculation of filing deadlines pursuant to the Arkansas Rules of Appellate Procedure-Civil. The relevant dates in this case are as follows:

| | |
|---|---|
| June 11, 2001 | Class-certification order entered |
| August 1, 2001 | Order approving class-action notice entered |
| August 23, 2001 | Partial-summary-judgment order entered |
| September 4, 2001 | U.S. Bank filed its notice of appeal from the following orders: (1) class-certification order; (2) order approving class-action notice; and (3) order granting partial summary judgment. |
| September 4, 2001 | U.S. Bank filed its motion for reconsideration of class certification and partial summary judgment |
| September 7, 2001 | Order appointing receivership entered |
| October 9, 2001 | U.S. Bank filed its notice of appeal from the order appointing receiver |
| October 9, 2001 | U.S. Bank filed its motion to reconsider order appointing receiver |
| December 3, 2001 | Record filed with the Supreme Court Clerk |

*Class-Certification Order*

U.S. Bank's notice of appeal filed on September 4, 2001, designated the original class-certification order as an appealable order. That order was entered on June 4, 2001. Pursuant to Rule 2(a)(9) of the Arkansas Rule of Appellate Procedure—Civil, the class-certification order was immediately appealable. U.S. Bank therefore had thirty days from the entry of the order on June 11, 2001, to file a timely notice of appeal. *See* Ark. R. App. P.—Civ. 4(a) (2002). The notice of appeal filed on September 4, 2001, or almost three months after entry of the order, was clearly outside the prescribed thirty-day period.

Initially, in response to Milburn's motion to dismiss appeal, U.S. Bank argued that the class–certification order was an intermediate order to the August 23 partial summary-judgment order. Rule 2(b) of the Arkansas Rules of Appellate Procedure— Civil provides that "[a]n appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment." *See* Ark. R. App. P.—Civ. 2(b) (2002). That argument, however, has been abandoned. As we have already stated, U.S. Bank concedes that the partial sum-mary-judgement order is not a final order. Appellate Rule 2(b) is therefore not applicable.

The deadline for filing a notice of appeal that is set forth in Ark. R. App. P.—Civ. 4(a) — thirty days from the entry of the order appealed from — may be extended under the provisions of Ark. R. App. P.—Civ. 4(b):

> (b) *Extension of time for filing notice of appeal.*
>
> (1) Upon timely filing in the circuit court of . . . any . . . motion to vacate, alter or amend the judgment made no later than 10 days after entry of judgment, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order dis-posing of the last motion outstanding. However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.

Ark. R. App. P.—Civ. 4(b)(1) (2002). Additionally, if a notice of appeal is filed prior to the disposition of the motion, a party who seeks to appeal from the denial of the motion shall within thirty days amend the previously filed notice of appeal. Ark. R. App. P.—Civ. 4(b)(2) (2002).

First we must point out that U.S. Bank's motion for reconsideration was not filed within ten days of the class–certifica-tion order as required by appellate Rule 4(b). Thus, as to any appeal from the June 11 class–certification order, the time for filing a notice of appeal was not extended by the timely filing of any of the motions listed in Ark. R. App. P.—Civ. 4(b)(1), and the deemed-denied rule is not applicable.

While the notice of appeal filed on September 4 was untimely with respect to the class-certification order, U.S. Bank could have appealed the denial of its motion for reconsideration by filing a notice of appeal within thirty days from the entry of such an order. Yet, the record does not reflect any such ruling by the court,[6] or the filing of a notice of appeal that designated the order appealed from as the denial of U.S. Bank's motion for reconsideration. *See* Ark. R. App. P.—Civ. 3(e) (2002).[7] In any event, U.S. Bank admits that no appeal was taken from any ruling by the circuit court on its motion for reconsideration.

The timely filing of a notice of appeal is jurisdictional. *Rossi v. Rossi*, 319 Ark. 373, 892 S.W.2d 246 (1995). Thus, this court lacks jurisdiction to address U.S. Bank's point on appeal challenging the class-certification order.

### Approval of Class-Action Notice

Our rules of appellate procedure allow an interlocutory appeal from "[a]n order granting or denying a motion to certify a case as a class action in accordance with Rule 23 of the Arkansas Rules of Civil Procedure." Ark. R. App. P.—Civ. 2(a)(9) (2002). We have held that an order prescribing notice to class members is fundamental to the further conduct of the action and, thus, immediately appealable as a matter of right. *See Union Nat'l Bank v. Barnhart*, 308 Ark. 190, 823 S.W.2d 878 (1992). Such an interlocutory appeal must be filed within thirty days from entry of the order. Ark. R. App. P.—Civ. 4(a) (2002).

In this case, the order approving class-action notice was entered on August 1, 2001, so the deadline for filing a notice of appeal was Friday, August 31, 2001. Once again, the notice of

---

[6] We note that a copy of an order entered by the circuit court on December 28, 2001, is attached as Exhibit A to U.S. Bank's response to Milburn's supplement to its motion to dismiss appeal. In that order, the circuit court denied U.S. Bank's motions for reconsideration of the class-certification and partial summary-judgment orders and the order appointing a receiver.

[7] Even under Ark. R. App. P.—Civ. 4(b)(2), if a notice of appeal is filed prior to the disposition of the motion, a party who seeks to appeal from the denial of the motion must amend the previously filed notice so as to comply with Ark. R. App. P.—Civ. 3(e).

appeal filed on September 4, 2001, was clearly outside the pre-scribed thirty-day deadline. For the reasons previously stated in connection with U.S. Bank's attempted appeal of the class-certifi-cation order, we conclude that the bank's appeal from the order approving the class-action notice is not properly before this court.

*Order Appointing Receiver*

■ For its third point on appeal, U.S. Bank argues that the circuit court erred in appointing a receiver pursuant to Ark. R. Civ. P. 66(a) (2002). We start by noting that an interlocutory order appointing a receiver is immediately appealable. *See* Ark. R. App. P.—Civ. 2(a)(7) (2002). However, U.S. Bank failed to timely file its record with our clerk. The untimely filing of the record procedurally bars the appellant from pursuing an appeal. *See Mitchell v. City of Mountain View*, 304 Ark. 585, 803 S.W.2d 556 (1991) (per curiam). On September 7, 2001, the circuit court entered an order directing the circuit clerk to act as a receiver in this case. U.S. Bank filed a timely notice of appeal on October 9, 2001. Appellate Rule 5(a) provides that when "an appeal is taken from an interlocutory order under Rule 2(a)(6) or (7), the record must be filed with the clerk of the Supreme Court within thirty (30) days from the *entry of such order*." Ark. R. App. P.—Civ. 5(a) (2002) (emphasis added).

■ The instant interlocutory order appointing a receiver was entered on September 7, 2001. Thus, the deadline for filing the record was October 9, 2001, which happened to be the same day that U.S. Bank filed its notice of appeal. U.S. Bank did not file the record with this court until December 3, 2001. By failing to timely file the record, U.S. Bank is barred from pursuing this point on appeal.

*Request for Sanctions Under Appellate Rule 11*

At oral argument, Milburn's counsel asked this court to sanc-tion U.S. Bank pursuant to Rule 11 of the Arkansas Rules of Appellate Procedure—Civil:

> I think the act of claiming this to be a final judgment has caused me and my client considerable harm in this case . . . [T]he final

order never was a final order and they knew it. Everybody knew it, and they admitted it. They admitted it as soon as they filed the notice of appeal. They were back before the trial court contending it was not a final order because it did not determine damages. Of course, it never determined them. It was not certified as a final order. . . . I ask this court not to permit these defendants, because of the manner in which they brought this appeal up, to raise . . . any issue in the future litigation that they didn't raise in this litigation. I ask the court to award costs for having to respond to an argument . . . .

U.S. Bank's counsel responded by suggesting that such a request would require that a motion be filed in order for there to be an opportunity for presentation of a full explanation by both sides.

Appellate Rule 11 provides in relevant part:

(b) The Supreme Court or the Court of Appeals shall impose a sanction upon a party or attorney or both for (1) taking or continuing a frivolous appeal or initiating a frivolous proceeding, (2) filing a brief, motion, or other paper in violation of subdivision (a) of this rule, (3) prosecuting an appeal for purposes of delay in violation of Rule 6-2 of the Rules of the Supreme Court and Court of Appeals, and (4) any act of commission or omission that has an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. For purposes of this rule, a frivolous appeal or proceeding is one that has no reasonable legal or factual basis.

Ark. R. App. P.—Civ. 11(b) (2002). Sanctions that may be imposed for violation of this rule are identified in Ark. R. App. P.—Civ. 11(c):

(c) Sanctions that may be imposed for violations of this rule include, but are not limited to, dismissal of the appeal; striking a brief, motion, or other paper; awarding actual costs and expenses, including reasonable attorneys' fees; imposing a penalty payable to the court; awarding damages attributable to the delay or misconduct; and, where there has been delay, advancing the case on the docket and affirming.

Ark. R. App. P.—Civ. 11(c) (2002). If this court on its own initiative determines that a sanction may be appropriate, a show-cause order may be issued. Ark. R. App. P.—Civ. 11(d) (2002).

In the instant matter, as already noted, U.S. Bank filed its notice of appeal on September 4, 2001 from (1) the class-certifica-

tion order; (2) the order approving the class-action notice; and (3) the order granting partial summary judgment. Then, in a pleading filed with the circuit court on September 6, 2001, U.S. Bank states, "[t]here has been no proof of fraud or insolvency on the part of US Bank that would endanger its capacity to respond to any final judgment which may be entered in this case." In that same pleading opposing the appointment of a receiver, U.S. Bank states, "[t]he holders of beneficial interests in the trusts, of which US Bank is trustee, will be damaged if a receiver is appointed, since they will not receive the payments they contracted for, even though monetary judgement on each claim has not been entered." In a memorandum filed on the same day, U.S. Bank asserts that "[t]here is no danger that it is going to hide its assets to put them beyond reach of a final judgment" and that "the Plaintiffs will not be losing anything by continuing their payments as before, but that the trust beneficiaries would be; all this before a final determination of the amounts that might be due."

On September 27, 2001, Milburn filed a motion to dismiss the appeal in this court. In that motion, Milburn alleges that the notice of appeal is untimely with respect to the class-certification order and the order approving the class-action notice. Milburn also asserts in her motion that the appeal from the partial summary-judgment order should be dismissed, as that ruling by the circuit court is not a final order, and it was not certified as final pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure. U.S. Bank responded to the motion, contending first that the partial summary-judgment order was final because the only remaining issues were "collateral and ministerial." Moreover, U.S. Bank suggested that both the class-certification order and the order approving the class-action notice were appealable as intermediate orders. Finally, in its reply brief filed on April 26, 2002, U.S. Bank conceded that the partial summary-judgment order is not a final appealable order. However, U.S. Bank continued to assert its "impact theory" as a basis for the appeal.

In order for a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Kelly v. Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992). We have on numerous occasions held that a judgment or order is not final and appealable if the issue of damages remains to be decided. *Sevenprop*

*Assoc. v. Harrison*, 295 Ark. 35, 746 S.W.2d 51 (1998); *John Cheeseman Trucking, Inc. v. Dougan*, 305 Ark. 49, 805 S.W.2d 69 (1991); *Mueller v. Killam*, 295 Ark. 270, 748 S.W.2d 338 (1998); *Kilgore v. Viner*, 293 Ark. 187, 735 S.W.2d 1 (1987).

From the record before this court, it appears that U.S. Bank was arguing on appeal that the partial summary-judgment order was final, while at the same time arguing in the circuit court that no final order had been entered. Additionally, Milburn, through her motion to dismiss the appeal, notified U.S. Bank as early as September 17, 2001, that the appeal was not properly before this court. Because U.S. Bank continued to prosecute the instant appeal, we conclude that sanctions may be appropriate. Pursuant to Ark. R. App. P.—Civ. 11(d), we order U.S. Bank and its counsel to show cause in writing why a sanction should not be imposed against them. Such writing shall be filed no later than seven days after the date of this opinion. If U.S. Bank files a writing, Milburn shall have four days to respond.

Appeal dismissed; motion to dismiss appeal moot.

Supplemental Opinion Imposing Rule 11 Sanctions

100 S.W.3d 674

Delivered April 10, 2003

*The Rose Law Firm*, by: *Herbert C. Rule III, Garland Garrett*, and *Stephen Joiner*, for appellant.

*Joe Holifield* and *McMath, Vehik, Drummond, Harrison & Lebdetter, P.A.*, by: *Mart Vehik*, for appellee.

P ER CURIAM. In this appeal, we issued our opinion on February 28, 2003, wherein we dismissed a set of interlocutory appeals by U.S. Bank stemming from a Rule 23 class-action proceeding. *U.S. Bank v. Milburn*, 352 Ark. 144, 100 S.W.3d 674. We did so because the notice of appeal filed by U.S. Bank was untimely with respect to the class-certification order and the order approving class notice, and U.S. Bank eventually conceded that the partial summary-judgment order was not a final order and, thus, not properly appealable. U.S. Bank also admitted that no appeal was taken from any ruling by the circuit court on its motion requesting reconsideration of the class-certification and partial summary-judgment orders. Finally, as to the appeal of an interlocutory order appointing a receiver, the untimely filing of the record procedurally barred U.S. Bank from pursuing that point on appeal.

Upon pointing out that U.S. Bank continued to prosecute the appeal, even though it appeared from the record before this court

that U.S. Bank was arguing on appeal that the partial summary-judgment order was final, while at the same time arguing in the circuit court that no final order had been entered, we concluded sanctions under Rule 11 of the Arkansas Rules of Appellate Procedure—Civil might be appropriate. Pursuant to Ark. R. App. P.—Civ. 11(d), we directed U.S. Bank and its counsel to show cause in writing why a sanction should not be imposed against them, and we also allowed Milburn to respond. Both U.S. Bank and Milburn have filed their writings.

In its response to the order to show cause, U.S. Bank posits three reasons why sanctions are inappropriate. First, U.S. Bank asserts that it had a good-faith belief that the partial summary-judgment order was final and appealable. Specifically, it maintains that a trial court's order need not always establish the amount of damages in order for the order to be final and appealable. U.S. Bank directs this court to·Pledger v. Bosnick, 306 Ark. 45, 811 S.W.2d 286 (1991); Ives Trucking Co. v. Pro Transportation, 341 Ark. 735, 19 S.W.3d 600 (2002); Hartwick v. Hill, 77 Ark. App. 185, 73 S.W.3d 15 (2002); and Smith v. Smith, 51 Ark. App. 20, 907 S.W.2d 755 (1995). None of those cases, however, are apposite. In fact, we have on numerous occasions held that for an order to be final, it must establish the amount of damages. Tri-State Delta Chemicals, Inc., v. Crow, 347 Ark. 255, 61 S.W.3d 172 (2001); Sevenprop Assocs. v. Harrison, 295 Ark. 35, 746 S.W.2d 51 (1998); String v. Kazi, 312 Ark. 6, 846 S.W.2d 649 (1993).

The test of finality and appealability of an order is whether the order puts the court's directive into execution, ending the litigation or a separable branch of it. Pledger v. Bosnick, 306 Ark. 45, 811 S.W.2d 286. The Pledger case was a class action in which we concluded that the order at issue was appealable where it ended all issues except the amount of attorney's fees and the details of notice to the class of their rights to a refund. Id. The members of the class in Pledger asked for a declaration that certain provisions of the income tax laws of the state were unconstitutional, an injunction against using the funds illegally collected, a refund to the class, and attorney's fees. The trial court's order granted the prayer in favor of the members of the class on all of those issues. Id.

Here, the partial summary-judgment order is just what it says it is — partial. The order did not adjudicate all claims against all parties (the complaint as amended also alleged common-law fraud claims against

U.S. Bank, Real Estate Title & Services, Inc., and the other defendants), and the circuit court did not certify the partial summary judgment as final pursuant to Ark. R. Civ. P. 54(b). Furthermore, Milburn's Rule 23 class action sought relief in the form of monetary damages as provided by the usury laws of Arkansas. The partial summary-judgment order did not decide the issue of damages so as to make it enforceable by execution. In contrast, the class members in *Pledger v. Bosnick* sought the recovery of funds illegally collected by the State of Arkansas, not monetary damages.[1] Likewise, as we reiterated in *Ives Trucking Co. v. Pro Transportation*, 341 Ark. 735, 19 S.W.3d 600, the award of attorney's fees is a collateral matter that does not affect the appealability of the underlying order.

The *Hartwick* case involved a landowner's claim to a roadway across a neighbor's property. *Hartwick v. Hill*, 77 Ark. App. 185, 73 S.W.3d 15 (2002). The trial court's order adopted the report of the viewers who had been appointed to examine the land and lay out the location of the roadway, described the location of the roadway to be granted, ordered the Hills to conduct a survey of the land to determine the precise acreage of the roadway, and established that Hartwick would incur damages in the amount of $6,000 per acre due to the loss of the land for the roadway. *Id.* The Arkansas Court of Appeals held that the future action contemplated by the trial court's order (obtaining a survey reflecting the precise acreage in the roadway and applying the $6,000 per acre formula that was ordered by the court as damages) was collateral to the main issues decided by the court — that the Hills were entitled to a roadway across the Hartwick's land and the amount of damages to be paid. *Id.* Unlike the order in *Hartwick*, the order at issue here set out no formula or specifics as to the amount of damages.

Finally, in *Smith v. Smith*, 51 Ark. App. 20, 907 S.W.2d 755, the Arkansas Court of Appeals correctly characterized accrual of interest on a judgment as a collateral matter. The instant case does not concern an order to pay interest on a judgment.

In sum, none of the cases cited by U.S. Bank undermine our prior holdings that a judgment or order is not final and appealable if the issue of damages remains to be decided. *Tri-State Delta Chemicals, Inc. v. Crow*, 347 Ark. 255, 61 S.W.3d 172; *Sevenprop*

---

[1] "What is sought in an illegal-exaction case is return of taxes wrongfully collected. Relief may be an order that the taxes be refunded. A personal judgment is not entered." *Worth v. City of Rogers*, 351 Ark. 183, 192, 89 S.W.3d 875, 881 (2002)(citations omitted).

*Assocs. v. Harrison*, 295 Ark. 35, 746 S.W.2d 51; *John Cheeseman Trucking, Inc. v. Dougan*, 305 Ark. 49, 805 S.W.2d 69 (1991). Indeed, U.S. Bank eventually conceded that the partial summary-judgment order was not final. Accordingly, we must disagree with U.S. Bank's assertion that it acted in good faith, when in fact it waited until the last possible moment to abandon that point on appeal.[2]

■ Next, U.S. Bank asserts that it did not make inconsistent arguments before this court and the circuit court on the issue of finality. It points to three excerpts from pleadings filed in the circuit court after U.S. Bank filed its notice of appeal. However, in each of those excerpts, U.S. Bank suggests that the trial court had not entered a final judgment. The first excerpt states, "[t]here is no danger that [U.S. Bank] is going to hide its assets to put them beyond the reach of a final judgment." In the second excerpt, U.S. Bank states that all loan payments by class members should continue to be made to U.S. Bank "before a final determination of the amounts that might be due." Lastly, U.S. Bank directs us to the following language in its response to Milburn's motion for receiver filed in the circuit court:

> There has been no proof of fraud or insolvency on the part of U.S. Bank that would endanger its capacity to respond to any final judgment which may be entered in this case. *The plaintiff, by her motion for appointment of receiver, is, in effect, seeking to levy execution before final judgment in favor of class members, establishing whatever their rights and entitlements are, has been entered.*

(Emphasis added.) We find that this language is in accord with our opinion where we stated "it appears that U.S. Bank was arguing on appeal that the partial summary-judgment order was final, while at the same time arguing in the circuit court that no final order had been entered."

■ For its last argument against the imposition of Rule 11 sanctions, U.S. Bank maintains it acted in good faith in proposing

---

[2] With respect to the good-faith argument, U.S. Bank also asks this court to consider documents outside the record. Essentially, U.S. Bank suggests that Milburn made inconsistent arguments on the issue of finality before this court and the lower court, which caused U.S. Bank to continue prosecuting the appeal. We do not consider matters outside the record on appeal. *Black v. Steenwork*, 333 Ark. 629, 970 S.W.2d 280 (1998). In any event, nothing in the record indicates that Milburn argued to the circuit court that the partial summary judgment was a final order.

the so-called "impact theory" as the basis for the appeal. The bank states that making a good-faith argument and losing is not grounds for sanctions. Essentially, U.S. Bank contended on appeal that interlocutory orders — such as class-certification orders or orders approving class-action notices that are immediately appealable pursuant to Ark. R. App. P.—Civ. 2(a)(9) — may become appealable at a later time when the entry of any subsequent order "impacts" those prior orders. Under the "impact theory" proposed by U.S. Bank, the appeal is not from a ruling by the circuit court on the alleged "impact" of a subsequent order; rather, it is the mere assertion on appeal of such an "impact" that would automatically make a previous order appealable at any time. In other words, U.S. Bank attempted to prosecute an appeal before the circuit court had an opportunity to rule on the issue. Such a proposition is not supported by our Rules of Appellate Procedure— Civil. Moreover, our case law is clear that we will not address issues for the first time on appeal. *Jones v. Jones*, 347 Ark. 409, 64 S.W.3d 728 (2002). Thus, we cannot agree that U.S. Bank acted in good faith in proposing the so-called "impact theory."

██ Based on the foregoing, we agree with Milburn that U.S. Bank and its counsel should be sanctioned pursuant to Ark. R. App. P.—Civ. 11. The interlocutory set of appeals prosecuted by U.S. Bank has already been dismissed. *See U.S. Bank v. Milburn*, 352 Ark. 144, 100 S.W.3d 674. In addition, we determine a fair sanction in these circumstances would be the award of costs and reasonable attorney's fees to appellees for requiring them to go forward in defending this appeal. *See* Ark. R. App. P.—Civ. 11(c), *see also Stilley v. Hubbs*, 344 Ark. 1, 40 S.W.3d 209 (2001); *Jones v. Jones*, 329 Ark. 320, 947 S.W.2d 6 (1997). Therefore, we order that U.S. Bank and its counsel pay appellees attorney's fees in the amount of $3,000, plus costs for this appeal as provided by Ark. Sup. Ct. R. 6-7, and do so within twenty days from the issuance of this supplemental opinion.

Rule 11 sanctions issued.

THORNTON and HANNAH, JJ., dissent.

JIM HANNAH, Justice, dissenting. I respectfully dissent. I disagree with the majority's holding that Rule 11 sanctions should be imposed in this case.

The majority dismisses U.S. Bank's argument that it had a good-faith belief that the trial court's order granting summary judgment was a final and appealable order. The majority held that all the cases cited by the bank in support of its argument that a trial court need not always establish the amount of damages in order for the order to be final and appealable were inapposite.

The majority distinguishes the cited cases from the present case. It is common for this court to distinguish cases cited in the parties' brief from the case at hand. We often disagree with parties' contentions that the cases cited in their briefs are on point with the case before the court. Our disagreement with the parties' contentions does not warrant sanctions.

The majority also notes that the trial court did not certify the partial summary-judgment as final pursuant to Ark. R. Civ. P. 54(b). While it is true that the bank did not attempt to obtain partial certification from the trial court, a review of our case law indicates that we have not imposed Rule 11 sanctions when we have not addressed the merits of an appeal due to a party's failure to have a judgment certified pursuant to Rule 54(b). *See, e.g., Fisher v. Chavers*, 351 Ark. 318, 92 S.W.3d 30 (2002); *Chapman v. Wal-Mart Stores, Inc.*, 351 Ark. 1, 89 S.W.3d 906 (2002); *Dodge v. Lee*, 350 Ark. 480, 88 S.W.3d 843 (2002); *Sharp v. State*, 350 Ark. 529, 88 S.W.3d 848 (2002); *City of Corning v. Cochran*, 350 Ark. 12, 84 S.W.3d 439 (2002); *Cole v. Laws*, 349 Ark. 177, 76 S.W.3d 878 (2002); *Eason v. Flannigan*, 349 Ark. 1, 75 S.W.3d 702 (2002); *Tri-State Delta Chems., Inc. v. Crow*, 347 Ark. 255, 61 S.W.3d 172 (2001).

In addition, the majority states:

> Indeed, U.S. Bank *eventually* conceded that the partial summary-judgment order was not final. Accordingly, we must disagree with U.S. Bank's assertion that it acted in good faith, when in fact it waited until the last possible moment to abandon that point on appeal. (Emphasis added.)

The majority appears to be implying that if U.S. Bank had maintained until the end that it believed the partial summary judgment order was a final judgment, then there would be no Rule 11 sanctions.

Counsel for U.S. Bank was acting as an officer of the court in admitting in its reply brief that the partial summary judgment was not a final order. Are we imposing sanctions because counsel was

being honest and candid with this court and properly acting as an officer of the court? The majority is sending the wrong message to the bar.

It should be noted that Milburn previously filed a motion to dismiss the appeal because the partial summary judgment was not a final appealable order, and this court declined to rule on that motion. If the appeal was frivolous, and if it was so clear that the partial summary judgment order was not a final appealable order, would not this court have granted Milburn's motion to dismiss?

Rule 11 provides, in part:

> (a) The filing of a brief, motion or other paper in the Supreme Court . . . constitutes a certification of the party or attorney that, to the best of his knowledge, information and belief formed after reasonable inquiry, the document is well grounded in fact; is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and is not filed for an improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. A party or an attorney who files a paper in violation of this rule, or party on whose behalf the paper is filed, is subject to a sanction in accordance with this rule.

> (c) Sanctions that may be imposed for violations of this rule include, but are not limited to, dismissal of the appeal; striking a brief, motion, or other paper; awarding actual costs and expenses, including reasonable attorneys' fees; imposing a penalty payable to the court; awarding damages attributable to the delay or misconduct; and, where there has been delay, advancing the case on the docket and affirming.

> (d) A party may by motion request that a sanction be imposed upon another party or attorney pursuant to this rule, or the court may impose a sanction on its own initiative. A motion shall be in the form required by Rule 2-1 of the Rules of the Supreme Court and Court of Appeals, with citations to the record where appropriate, and will be called for submission three weeks after the filing. . . . If the court on its own initiative determines that a sanction may be appropriate, the court shall order the party or attorney to show cause in writing why a sanction should not be imposed on the party or attorney or both.

Ark. R. App. P.—Civ. 11 (2002).

It should be noted that Milburn's counsel argued that sanctions should be imposed on the bank, *inter alia*, because the bank

violated procedural rules, i.e., failing to obtain the trial court's certification of the partial summary judgment order, pursuant to Rule 54(b); however, Milburn's counsel failed to follow procedure in requesting sanctions. Motions to request sanctions must comply with Rule 2-1. Rule 2-1 provides, in part, that "[a]ll motions must be in writing," and that "[i]n cases pending before the Supreme Court, eight (8) clearly legible copies must be filed . . . ." Ark. Sup. Ct. R. 2-1 (2002). While it is true that this court on its own initiative may determine that sanctions are appropriate and issue a show-cause order, there is nothing in the record to indicate that this court, prior to the oral request by Milburn's counsel, determined that sanctions may be appropriate.

At oral argument, the following colloquy took place between the court and counsel for Milburn:

COUNSEL FOR MILBURN:    . . . I would like to address one more thing before we leave. I think the act of claiming this to be a final judgment has caused me and my client great harm in this case. . . . . What have they gained in the process? Number one, by claiming it is a final judgment, what they have gained is I had to respond to it. . . . They managed to get an appeal before this court. The next thing is, because summary judgment is crucial . . . . I spent a huge amount of time responding to that. . . . So, they have now heard what I am going to do. They have taken advantage of it, and they gain advantage by a false claim that this is a final judgment. I am going to ask the court to dismiss this case with appeal, or, in the alternative, that they be prohibited from raising any new arguments should they bring this case up again,[1] and to pay for the time and money I had to spend responding to something they

---

[1] I note that the majority's holding does not address the issue of whether U.S. Bank will be precluded from raising any new argument should the bank file a subsequent appeal.

knew they were going to drop when it was all over. . . .

JUSTICE BROWN: You seem to be raising a Rule 11 violation under the appellate rules.

COUNSEL FOR MILBURN: That is exactly what I am suggesting, but this court has inherent authority to do that, as well, I believe.

\* \* \*

Later, the court requested a response from U.S. Bank's counsel.

JUSTICE BROWN: What is the response to that? He said that there is no question that you knew it was not a final order and there was not Rule 54(b) certification. That has put him to the expense of having to reply to an appeal.

COUNSEL FOR U.S. BANK: Well, I would first say, your honor, that I believe such a request would require a motion and an opportunity for presentation of a full explanation by both sides with us in response.

\* \* \*

JUSTICE GLAZE: Your response on the sanction 11 rule, then, is this has not been posed to you prior to today?

COUNSEL FOR U.S. BANK: Yes, that is correct, I believe your honor.

\* \* \*

Milburn requested that the court impose sanctions. As such, Milburn should have complied with Rule 2-1 and submitted a motion explaining why sanctions should be imposed on the bank. Instead, Milburn ignored Rule 2-1 and orally requested sanctions. After hearing Milburn's oral request, which was raised at oral argument without notice to the bank, the court, in *U.S. Bank, N.A., et al., v. Milburn*, 352 Ark. 144, 100 S.W.3d 674, ordered

U.S. Bank and its counsel to show cause in writing why a sanction should not be imposed against them.

In addition, the majority rejects the bank's argument that it acted in good faith in proposing the so-called "impact theory" as the basis for appeal. The bank argues that making a good-faith argument and losing is not grounds for sanctions. I agree. In *Crockett & Brown, P.A. v. Wilson*, 321 Ark. 150, 901 S.W.2d 826 (1995), the court discussed the requirements of Rule 11. We stated:

> . . . Rule 11 does not require that the legal theory espoused in a filing prevail. The essential issue is whether signatories of the document fulfilled their duty of reasonable inquiry into the relevant law, and the indicia of reasonable inquiry into the law include the plausibility of the legal theory espoused and the complexity of the issues raised. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791 (5th Cir. 1993). The *CJC Holdings* decision admonished that a trial court should not impose Rule 11 sanctions for advocacy of a plausible legal theory, particularly when the law is arguably unclear. *Id.* at 794.

*Crockett & Brown*, 321 Ark. at 155-56.

The present case, a class action, involved complex issues. Throughout the appeal, the bank argued that there was a question about whether an appealable order had been entered by the trial court. At oral argument, the bank's counsel stated:

> . . . [W]e struggle with that question ourselves and with counsel for U.S. Bank from Minnesota, as to whether that was a final order. We talked . . . . Well, what we had in mind was, if it were a final order, we had better appeal it.

In its response to the order to show cause, the bank stated that, in determining that there was a final order, it reasonably relied on existing law and, that by appealing the order, "it . . . avoided the trap faced by U.S. Bank if it did not appeal — that it would be barred from litigating any further issues of law or fact by failing to appeal the order." The majority's determination that sanctions were proper in the present case could have a far-reaching effect on the attorney's role as an advocate for his or her client. In a case where an attorney is unsure about the finality of the order, is he or she now going to be faced with the choice of either: (1) filing an appeal of an order which may not be final,

thereby risking sanctions by this court; or (2) failing to file an appeal of an order which may indeed be final, thereby risking a malpractice action from a client who loses the right to an appeal?

In the present case, the bank's counsel acted as an advocate for his client. Of course, an attorney may not shield himself or herself from sanctions stating that he or she was merely acting as an advocate. Indeed, Rule 11 provides that sanctions may be imposed upon a party or counsel or both for taking or continuing a frivolous appeal. However, for the purposes of Rule 11, "a frivolous appeal or proceeding is one that has no reasonable legal or factual basis." The appeal in the present case was not frivolous. The issues were complex, and the record indicates that there was a reasonable question concerning the finality of the order. I agree with the bank that sanctions should not be imposed.

For the foregoing reasons, I respectfully dissent.

THORNTON, J., joins this dissent.