Eric HOLLOWAY v. RILEY'S OAK HILL MANOR, INC.

CA 03-294                                      139 S.W.3d 144

Court of Appeals of Arkansas
Division IV
Opinion delivered December 17, 2003

*William M. Howard, Jr.*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *L. Kyle Heffley* and *Derrick W. Smith*, for appellee.

LARRY D. VAUGHT, Judge. Appellant appeals from the circuit court's order determining the amount of attorney's fees, costs, and interest due on a breach of contract judgment, which was previously appealed to this court in *Holloway v. Riley's Oak Hill Manor*, CA02-74 (Oct. 9, 2002), and affirmed. Appellant contends that the trial court erred in modifying the original judgment. We affirm.

In the first appeal, we affirmed the trial court's award of a judgment in favor of appellee Riley's Oak Hill Manor based on a breach of contract claim filed against appellant Eric Holloway. The

judgment involved in the first appeal was against appellant in the amount of $6,664.20, plus costs, attorneys' fees, pre-judgment interest, and post-judgment interest. On December 3, 2002, the trial court entered a "modified final judgment," which provided that appellants shall pay $6,664.20 in compensatory damages, $350 in costs, $7,672 in attorney's fees, $2,333.42 in pre-judgment interest, and post-judgment interest at the statutory rate of ten percent on the amounts previously set forth or $4.6698 per day from June 26, 2001, until paid. Appellant filed a timely notice of appeal from the modified final judgment.

■ ■ Appellant does not challenge the amounts established for the fees, costs and interest, but argues that the trial court erred in modifying the original judgment. It seems clear that the trial court did not modify the original judgment, but merely determined the dollar amount of costs, fees, and interest. Matters that are collateral to the trial court's judgment are left within the trial court's jurisdiction even though an appeal has been docketed. *Harold Ives Trucking, Co. v. Pro Transp., Inc.*, 341 Ark. 735, 19 S.W.3d 600 (2000). An award of attorney's fees and the accrual of interest on a judgment are collateral matters. *See id.*; *U.S. Bank, N.A. v. Milburn*, 352 Ark. 144, 100 S.W.3d 674 (2003). Similarly, an award of costs is also a collateral matter. The original order, which concluded the rights of the parties to the subject matter at issue, was appealed and this court affirmed. The only issues that remained were the amount of the costs, fees, and interest to be awarded to appellees. Although the order appealed from is styled "modified final judgment," it merely determined the amount of the costs, fees, and interest that appellant was to pay. Thus, the trial court did not erroneously "modify" the final judgment as appellant suggests.

Affirmed.

ROBBINS and CRABTREE, JJ., agree.