
# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-14-781

|  |  |
|---|---|
| | **Opinion Delivered** March 11, 2015 |
| DEBRA CLARK<br>APPELLANT | APPEAL FROM THE ARKANSAS<br>WORKERS' COMPENSATION<br>COMMISSION |
| V. | [NO. G210725] |
| MICKEY'S SPECIAL AFFAIRS, INC.,<br>AND STATE FARM FIRE &<br>CASUALTY CO.<br>APPELLEES | REMANDED FOR<br>SUPPLEMENTATION OF THE<br>RECORD AND ADDENDUM |

## BRANDON J. HARRISON, Judge

Debra Clark appeals the decision of the Arkansas Workers' Compensation Commission (the Commission) that found she did not prove (1) that she suffered compensable injuries to her back, right shoulder, or right knee; (2) entitlement to reasonable and necessary medical treatment of her back, right shoulder, or right knee; (3) entitlement to additional treatment of her cervical spine; and (4) entitlement to additional temporary-total disability (TTD) benefits. She generally argues that the Commission's decision is not supported by substantial evidence. We cannot reach the merits of her appeal due to deficiencies in the record and addendum.

In workers' compensation cases, a compensation order or award of an administrative law judge (ALJ) or a single commissioner becomes final unless a party to the

SLIP OPINION

dispute, within thirty days from the receipt by him or her of the order or award, petitions in writing for a review by the full commission of the order or award. Ark. Code Ann. § 11-9-711(a)(1) (Repl. 2012). Likewise, an order or award of the Commission becomes final unless a notice of appeal is filed within thirty days from the date of the receipt of the order or award of the Commission. Ark. Code Ann. § 11-9-711(b)(1)(A). The timely filing of a notice of appeal is jurisdictional. *U.S. Bank v. Milburn*, 352 Ark. 144, 100 S.W.3d 674 (2003).

The record in this case does not contain the return receipt of the ALJ's order; thus it cannot be known from a review of the record whether the appeal to the Commission was timely. Therefore, we direct the Commission to supplement the record to include this return receipt within thirty days from the entry of this order.

In addition, our rules clearly state that the addendum shall contain documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Ark. Sup. Ct. R. 4-2(a)(8) (2014). Here, the notices of appeal from the ALJ to the Commission and from the Commission to this court are included in the record, but they are not included in the addendum. And once the record is supplemented to include the missing return receipt, it will need to be placed in the addendum. Clark has seven days after the record is supplemented to file a supplemental addendum. Ark. Sup. Ct. R. 4-2(b)(4).

Remanded for supplementation of the record and addendum.
WHITEAKER and VAUGHT, JJ., agree.
*Debra Clark*, pro se appellant.
*Worley, Wood & Parrish, P.A.*, by: *Melissa Wood*, for appellees.