# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–15–858

| | |
|---|---|
| | Opinion Delivered June 1, 2016 |
| MICHAEL REICHERT<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTEENTH DIVISION<br>[NO. 60DR-14-3088] |
| V. | |
| AMY SMITH<br>APPELLEE | HONORABLE VANN SMITH, JUDGE |
| | APPEAL DISMISSED |

## BRANDON J. HARRISON, Judge

Michael Reichert appeals the Pulaski County Circuit Court's denial of his motion to reconsider the court's denial of his motion for relief pursuant to Rule 60 of the Arkansas Rules of Civil Procedure. We dismiss the appeal.

On 16 July 2014, Amy Smith filed a petition for an order of protection and alleged that she had been abused and threatened by Reichert. After a hearing, the circuit court entered a two-year order of protection against Reichert on 12 August 2014. Ninety days later, on 10 November 2014, Reichert filed a motion pursuant to Rule 60, alleging that Smith perpetrated misrepresentation and fraud on the court and asking that the order of protection be dismissed. No action was taken on this motion until 5 May 2015, when the circuit court issued an order denying the Rule 60 motion. Twenty-four days later, on 29 May 2015, Reichert moved the court to reconsider the denial of his Rule 60 motion.

The circuit court denied the motion for reconsideration on 29 June 2015, and Reichert filed a notice of appeal on 28 July 2015.

On 12 January 2016, Smith moved this court to dismiss Reichert's appeal for lack of jurisdiction. Smith argues that (1) Reichert did not file a notice of appeal within thirty days from the date that the order of protection was issued, nor did he file a postjudgment motion within ten days after the order of protection had been filed, so the time to file a notice of appeal from that order was not extended; and (2) Reichert did not file a notice of appeal within thirty days from the date that the Rule 60 motion was denied, nor did he file a postjudgment motion within ten days of the denial of the Rule 60 motion, so the time to file a notice of appeal from that denial was not extended.

The final question, according to Smith, is whether Reichert can independently appeal the order denying his motion for reconsideration. She acknowledges that there is no Arkansas case law on point but cites the Georgia Court of Appeals to support the argument that Reichert cannot appeal the denial of his motion to reconsider. *See Savage v. Newsome*, 326 S.E.2d 5, 5 (Ga. Ct. App. 1985) ("It is well established that the denial of a motion for reconsideration of an appealable order or judgment is not itself appealable and does not extend the time for filing a notice of appeal."). The bottom line is that Smith wants this court to dismiss the appeal for lack of jurisdiction because Reichert failed to preserve a right to appeal from both the order of protection and the order denying his Rule 60 motion.

Reichert believes that his motion to reconsider was essentially a second Rule 60 motion. He argues that because orders of protection are equitable in nature and provide



injunctive relief—and because a circuit court retains continuing jurisdiction to modify an order of protection—the circuit court should have reviewed both of his Rule 60 motions "as motions to which the Rule's 90-day limitation did not apply."

Because we determine our jurisdiction to hear an appeal, we do not rely entirely on the parties' analysis of the issue. Here is our view on the issue. Reichert's motion was titled "Motion for Reconsideration of Order Denying Rule 60 Motion for Relief of Judgement [sic] or Decree." In it, Reichert argued that the circuit court failed to address two allegations in his Rule 60 motion and that the order of protection should be dismissed due to a flaw in Smith's petition for order of protection. In his July 28 notice of appeal, Reichert stated that he was appealing the June 2015 denial of his motion for reconsideration and "all of this Court's rulings and Orders that shaped the Order."

Rule 4 of the Arkansas Rules of Appellate Procedure–Civil provides in pertinent part as follows:

> (a) *Time for Filing Notice of Appeal.* Except as otherwise provided in subdivision (b) and (c) of this rule, a notice of appeal shall be filed within (30) days from the entry of the judgment, decree or order appealed from.
>
> . . . .
>
> (b) *Extension of Time for Filing Notice of Appeal.*
> (1) Upon timely filing in the circuit court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for a new trial under Rule 59(a), *or any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment*, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding.

(Emphasis added.) Pursuant to our rules of appellate procedure—civil, the only way to extend the thirty-day time limit for filing a notice of appeal from the denial of the Rule 60 motion would be to file one of the motions listed under subsection (b)(1) within ten days after the Rule 60 motion had been denied. Reichert's motion for reconsideration falls within the category of "any other motion to vacate, alter, or amend the judgment" under Rule 4, and it was not filed within ten days from the date the Rule 60 motion was denied. Consequently, he does not benefit from the extension outlined in Rule 4(b)(1) to challenge the 12 August 2014 order of protection or the 5 May 2015 denial of the Rule 60 motion; when he eventually filed his notice of appeal on 28 July 2015, it was well beyond the thirty-day time limitation for filing a notice of appeal from either ruling.

Reichert is not helped by the fact that his notice of appeal specifically designates the 29 June 2015 order denying his motion for reconsideration as the order from which he is appealing. His motion was, substantively speaking, one that should have been filed within ten days from the 5 May 2015 denial of his Rule 60 motion; therefore, the motion was untimely, and the circuit court was without jurisdiction to decide it.[1] *See, e.g.*, *White v. White*, 2014 Ark. App. 594, at 6, 446 S.W.3d 635, 638 ("Because [the] purported Rule 60 motion was in actuality a Rule 59 motion and was not filed within ten days of the

---

[1] In *U.S. Bank, N.A. v. Milburn*, 352 Ark. 144, 152, 100 S.W.3d 674, 680 (2003), the Arkansas Supreme Court suggested that a motion for reconsideration that was not filed within ten days of the underlying order can be separately appealed: "U.S. Bank could have appealed the denial of its motion for reconsideration by filing a notice of appeal within thirty days from the entry of such an order." That case, however, involved a class certification, and the finality principles embodied in Rules 59 and 60 of the Arkansas Rules of Civil Procedure do not apply to class-certification rulings before there is a decision on the merits. *Fraley v. Williams Ford Tractor & Equip. Co.*, 339 Ark. 322, 5 S.W.3d 423 (1999).

 

divorce decree, the motion was untimely and the trial court was without jurisdiction to entertain it.").

Appeal dismissed.

VIRDEN and KINARD, JJ., agree.

*Kris M. Boyd* and *J.P. Longacre*, for appellant.

*Wagoner Law Firm, P.A.*, by: *Jack Wagoner III* and *Harrison Kemp*, for appellee.